THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN SIMPSON, Defendant-Appellant.

First District (4th Division) No. 1—93—0506

Opinion filed June 1, 1995.

Michael J. Pelletier and Debra R. Salinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and James S. Beligratis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

A jury found defendant Calvin Simpson guilty of aggravated criminal sexual assault. After a hearing, the trial court sentenced him to life in prison under the mandatory provisions of the Habitual Criminal Act (Act) (720 ILCS 5/33B—1 et seq. (West 1992)). The court relied upon certified copies of two former Class X convictions introduced in evidence by the State at the aggravation stage of the sentencing hearing. The State had not filed a verified written statement with the court concerning these former convictions, as it is allowed to do under section 33B—2 of the Act.

Defendant argues on appeal that the State's failure to file the verified petition under the Act renders his sentence null and void. We disagree and affirm.

The Habitual Criminal Act requires that a person convicted twice of an offense classified as a Class X felony, criminal sexual assault, or

murder, and is again convicted of a Class X felony, criminal sexual assault, or murder shall be adjudged an habitual criminal and sentenced to life in prison. (720 ILCS 5/33B—1 (West 1992).) The language of section 33B—1 is mandatory. Section 33B—2(a) of the Act states: "After a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor *may* file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B—1 rendered against the defendant." (Emphasis added.) 720 ILCS 5/33B—2(a) (West 1992).

The word "may" in section 33B—2(a) has been read by this court to explain how a prosecutor can bring a defendant's conviction history to the court's attention. (See *People v. Withers* (1983), 115 Ill. App. 3d 1077, 450 N.E.2d 1323.) The defendant disagrees and argues that the State's failure to file a verified written statement is fatal. The problem with defendant's argument is that the State is not compelled by the statute to file a statement. To adopt defendant's reading would require us to conclude that imposition of a life sentence under the Habitual Criminal Act is a matter of prosecutorial discretion. That reading would conflict with the plain meaning of section 33B—1.

We conclude that filing a verified petition is not the only way a defendant's conviction history may be brought to the court's attention. A full reading of section 33B—2 makes clear that the intent of the section is to ensure that a defendant has a full opportunity to challenge the convictions and application of the statute.

Here, defendant had such an opportunity. The record shows that defendant, the State, and the court received copies of defendant's presentence report before sentencing. Defendant did not challenge the 1974 and 1980 Class X convictions contained in the presentence report. He does not deny he is the person named in the certified copies of those convictions, which the court allowed into evidence. When the trial court asked, at the close of the hearing, if defendant wished to say anything with regard to sentencing, defendant stated, "I ain't got nothing to say." We find that defendant was not prejudiced by the State's failure to file a verified petition and affirm the sentence. See *People v. Jaffe* (1986), 145 Ill. App. 3d 840, 493 N.E.2d 600; *People v. Mason* (1983), 119 Ill. App. 3d 516, 456 N.E.2d 864.

Affirmed.

THEIS and S. O'BRIEN, JJ., concur.