THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL W. SCHAFF, Defendant-Appellant.

First District (4th Division)   No. 1—95—0466

Opinion filed May 30, 1996.

Ellen R. Kordik and Naomi G. Gil, both of Jenner & Block, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan R. Schierl, and Elizabeth A. Vitell, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

Paul Schaff appeals a trial court's dismissal of his petition for post-conviction relief without an evidentiary hearing. We affirm.

A jury convicted the defendant of criminal sexual assault and aggravated criminal sexual assault. This court affirmed the convictions on direct appeal. *People v. Schaff*, 248 Ill. App. 3d 547, 618 N.E.2d 566 (1993). The Illinois Supreme Court denied the defendant's petition for leave to appeal, and the United States Supreme Court denied his petition for *certiorari* (*Schaff v. Illinois*, 510 U.S. 1201, 127 L. Ed. 2d 667, 114 S. Ct. 1317 (1994)).

The defendant then filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 (West 1994)). He alleged many errors that denied his rights under the United States and Illinois Constitutions. The trial court dismissed the petition.

Defendant appeals and seeks an evidentiary hearing.

The Post-Conviction Hearing Act (725 ILCS 5/122—1 (West 1994)) is a remedy for substantial violations of constitutional rights at trial. *People v. Owens*, 129 Ill. 2d 303, 307, 544 N.E.2d 276 (1989). Post-conviction proceedings are limited to matters that have not been and that could not have been previously adjudicated. *People v. Ramirez*, 162 Ill. 2d 235, 239, 642 N.E.2d 1224 (1994).

A defendant is entitled to an evidentiary hearing on a post-conviction petition only if he makes a substantial showing that his constitutional rights were violated. *Owens*, 129 Ill. 2d at 308. The

trial court may dismiss the petition if the court determines it is "frivolous" or "patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 1994). We will not reverse a dismissal unless it is manifestly erroneous. *People v. Griffin*, 109 Ill. 2d 293, 303, 487 N.E.2d 599 (1985).

■ Defendant first alleges in his petition that his conviction is the result of false testimony. He contends the victim fabricated a story of sexual abuse by the defendant because the victim's parents wanted "to cause trouble" for the defendant. To support this allegation, defendant submitted an affidavit by John Carmickle, a 13-year-old friend of the victim. Carmickle states in the affidavit that the victim "told [him] that Paul Schaff never touched him" and "also heard from some other friends of [the victim] that the reason [the victim] lied about Paul Schaff having touched him was because [the victim's] mother wanted to get Mr. Schaff in trouble."

The use of testimony alleged to be false is addressed in *People v. Brown*, 169 Ill. 2d 94, 660 N.E.2d 964 (1995). Our supreme court considered whether a constitutional question is raised when a post-conviction petition alleges that a conviction is based on the State's use of false testimony. The court held the petition must allege that the State knowingly used the false testimony. Absent the allegation of knowing use, no constitutional violation is raised.

The alleged recantation of the victim that defendant uses here to support his claim of perjury happened after trial. Defendant does not allege that the State knowingly introduced false testimony of the victim. Based upon *Brown*, we find the trial court correctly dismissed that part of the post-conviction petition that alleged false testimony by the victim.

■ Defendant also alleges that the victim's mother testified falsely about the date she first contacted the children's advocacy center. The victim's mother testified at trial that she watched a "broadcast on television about symptoms for sexual abuse" on July 31, 1989. She then called the Hanover Park police department because she believed her son exhibited some of the symptoms described in the program. The police referred her to the children's advocacy center. She testified that she called the center on August 1, 1989, and brought her son to the center the same day.

Defendant alleges that "intake" records from the center show the victim's mother contacted the center on July 28, 1989, not August 1, 1989. He then alleges that the State acknowledged, at a side bar conference, that it knew of the records. Defendant alleges: "As a result of the State's knowing use of this perjured testimony, Mr. Schaff was denied his constitutional right to a fair trial."

The trial court ruled the defendant's allegations that the victim's

mother perjured herself at trial and that the State was aware of it were "totally without merit" and "unsubstantiated conclusion[s]." We agree with the trial court. The record does not support defendant's allegation that the State acknowledged it knew of the intake records. Defendant has failed to make the required substantial showing that his constitutional rights were violated. See *Owens*, 129 Ill. 2d at 308.

■ The next errors defendant alleges in his petition relate to the testimony of Pamela Klein.

Klein testified under section 115—10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—10 (West 1994)). The section governs testimony of out-of-court statements by victims of sexual offenses who are under 13 years old. Klein testified that she was employed as the director of the children's advocacy center in Hanover Park when she interviewed the victim on August 1, 1989. She was not his therapist, nor did she testify as an expert. She has a bachelor's degree in psychology and sociology and a master's degree in counseling education. She testified that she worked in England with Kent and Brookshire county social services and did "some consulting with police and other agencies" and "some legal research aspects of rape and sexual abuse."

Klein then testified that the victim told her in a private session that he had been sexually abused by the defendant. She admitted on cross-examination that she did not have a license to practice psychotherapy. She stated that her employment at the children's advocacy center ended in December 1989. She was presently working in private practice.

Defendant now claims Klein's testimony deprived him of a fair trial because her "background, practices, and procedures were inherently suspect." He alleges that Klein played a key role in the alleged "satanic abuse" cases in England in 1988 and diagnosed alleged ritual satanic abuse by telephone from America. He also claims misrepresentations of Klein's professional credentials. He argues that the State failed to disclose that Klein was fired from her position at the children's abuse center for misconduct and that the State did not give the defense Klein's curriculum vitae until immediately before Klein testified.

The opportunity to challenge Klein's testimony was on direct appeal, not in a collateral attack on trial court proceedings. *People v. Erickson*, 161 Ill. 2d 82, 641 N.E.2d 455 (1994). In *Erickson*, the court analyzed, under similar circumstances, allegations of misrepresentation of professional credentials. The court stated: "Failure to raise a claim which could have been addressed on direct appeal is a procedural default which results in a bar to consideration of the

claim's merits in a post-conviction proceeding." *Erickson*, 161 Ill. 2d at 87. Erickson attempted to avoid the procedural bar by arguing that his post-conviction allegations were not a part of the record on direct appeal. The court held: "[T]hat support for a claim is contained in papers not in the trial record is largely immaterial. Reason to relax the bar occurs only when what is offered in the papers also explains why the claim it supports could not have been raised on direct appeal." *Erickson*, 161 Ill. 2d at 87-88.

The alleged prejudice in Klein's testimony could have been raised on direct appeal based on her testimony at trial. Defense counsel cross-examined Klein about her experience and qualifications. Klein admitted she did not have a license to practice psychotherapy and no longer worked at the children's abuse center. Defense counsel chose not to inquire further. Although untimely, defense counsel was given a copy of Klein's curriculum vitae before she testified. Defense counsel did not object or ask for a continuance to examine the document. Defendant's petition does not explain why these allegations about Klein could not have been raised on direct appeal.

■ Defendant next alleges that testimony by the State's psychological expert, Dr. Conte, was rendered inherently unreliable because Conte was not given, before he testified, "full information regarding the *** role and involvement of Pamela Klein" in the diagnosis and treatment of abuse.

We find the defendant also waived this claim when he failed to raise it in the first appeal. He had the opportunity then to challenge the effect of Klein's testimony on another witness. Again, defendant's petition does not explain why the claim could not have been raised on direct appeal. See *Erickson*, 161 Ill. 2d at 87-88.

■ Defendant next alleges claims of ineffective assistance of counsel. He was represented by different counsel at trial, on direct appeal, and on his petition for post-conviction relief.

Claims of ineffective assistance of counsel are examined under the two-part test in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), and adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504, 525-27, 464 N.E.2d 206 (1984). Under *Strickland* a defendant must show a deficiency in counsel's performance and a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

Defendant first alleges that trial counsel was ineffective because he failed to investigate Klein's background. The issue of trial counsel's ineffectiveness is waived when facts relating to the issue appear in the record and are not raised on direct appeal. *Erickson*, 161

Ill. 2d at 89; *Owens*, 129 Ill. 2d at 308. The ineffectiveness, if any, of trial counsel's questioning and impeachment of Klein should have been evident when he cross-examined her. Defendant failed to make the argument on direct appeal and so is barred from doing so here.

Defendant next alleges that trial counsel was ineffective because he failed to investigate the possibility that tenants in defendant's apartment building conspired to frame him. Defendant submitted affidavits from some of the tenants to support this "conspiracy theory." The information in the affidavits is part of the trial record. The affiants state that they gave information of the conspiracy to trial counsel, or an investigator who worked with trial counsel, soon after defendant was arrested. Defendant presents no evidence to support the claim of ineffective assistance which is not found in the trial record. Nor does he offer evidence to explain why the claim was not raised on direct appeal. This claim is also waived. See *Erickson*, 161 Ill. 2d at 89.

Defendant also alleges that trial counsel was ineffective because he failed to investigate the victim's alleged recantation to John Carmickle. The recantation happened after trial and before the post-trial motion was filed.

To establish ineffectiveness of counsel in the preparation of the post-trial motion, defendant would be required to present sufficient evidence in his post-conviction petition to support the proposition that trial counsel knew of the recantation in time to raise the issue in the post-trial motion. The only evidence defendant offers on this issue is the affidavit of the defendant's wife. She states she "believed" she informed the trial attorney of the recantation. The statement is equivocal and insufficient to show trial counsel knew that the victim made a recantation to Carmickle. Based upon this insufficient showing before the trial court, we find it was not manifestly erroneous for the court to summarily dismiss the claim of ineffective assistance of counsel.

■ Defendant next alleges he was denied the right to a fair and impartial jury because some jurors were aware that other, similar charges had been made against him. Defendant made this argument on direct appeal, and we reviewed the issue. We found the trial judge did not abuse her discretion in ruling that defendant's right to a fair trial was safeguarded. *Schaff*, 248 Ill. App. 3d at 552. Our ruling is *res judicata*. *People v. Silagy*, 116 Ill. 2d 357, 365, 507 N.E.2d 830 (1987).

We reject, for the same reason, defendant's final allegation that the jury's deliberations were influenced by judicial coercion. This

argument was also raised and rejected on appeal. *Schaff*, 248 Ill. App. 3d at 551.

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.