SIXTH DIVISION 

                                        September 30, 1997  

No. 1-95-1146 

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the 

                                     )  Circuit Court of

Plaintiff-Appellee,             )  Cook County 

                                     )

v.                              )  P.C. 88 C 660474 

                                     )

NORMAN EAGLIN,                       )  Honorable 

                                     )  Robert Krop,

Defendant-Appellant.            )  Judge Presiding. 

PRESIDING JUSTICE GREIMAN delivered the opinion of the 

court: 

 

Defendant Norman Eaglin appeals the trial court's dismissal of his postconviction petition without conducting an evidentiary hearing.  Defendant asserts that the factual allegations stated in his postconviction petition were sufficient to warrant an evidentiary hearing and thus, the trial court erred in granting the State's motion to dismiss.  In addition, the State raises the issue of whether the trial court improperly declined to sentence defendant as an habitual criminal.  

For the reasons that follow, we affirm the dismissal of defendant's postconviction petition.  We further find that the elements of the Habitual Criminal Act (Act) (720 ILCS 5/33B-1 (West 1994)) have not been satisfied and, thus, we cannot sentence defendant as an habitual criminal as urged by the State.

Following a jury trial in 1989, defendant was convicted of two counts of armed robbery based on the robbery of an ice cream store at the time two store employees and the store owner were present.  At sentencing, the trial court specifically elected not to sentence defendant as a habitual criminal and imposed a 52-year sentence of imprisonment.  On direct appeal, this court affirmed defendant's conviction.  
People v. Eaglin
, No. 1--89--2513 (1992) (unpublished order under Supreme Court Rule 23).  

On April 5, 1993, defendant filed a 
pro
 
se
 petition for postconviction relief, challenging, in pertinent part, the legality of his arrest and the identification of him by the victims outside the store where the robbery occurred.

On March 11, 1994, the State filed a motion to dismiss defendant's postconviction petition.  The State contended that defendant's allegations (1) are barred by the doctrines of 
res
 
judicata
 and waiver where defendant already has appealed his conviction and (2) are not sufficient to require a hearing.  

On March 24, 1995, the trial court conducted a hearing.  On behalf of defendant, an assistant public dfender informed the court that he had complied with the statute, read defendant's 
pro
 
se
 petition, read the relevant transcripts and orders, found "no new issues with which to supplement the petition," and was "prepared to argue the [defendant's] petition as it stand[s]."  To certify his verbal representations to the court, the assistant public defender also filed a certificate in accordance with Supreme Court Rule 651(c).  134 Ill. 2d R. 651(c).  After hearing counsel's arguments, the trial court granted the State's motion to dismiss and ordered that defendant's postconviction petition be dismissed.  

On appeal, defendant asserts that an evidentiary hearing was warranted.  Defendant argues that his postconviction petition alleged sufficient factual claims to establish that the police did not have probable cause to arrest him, that his trial attorney was ineffective for failing to move to quash the arrest, and that the subsequent identifications of him by two victims should have been suppressed as the fruit of the unlawful arrest.   The filing of a postconviction petition does not entitle a defendant to an evidentiary hearing as a matter of right.  
People v. Whitehead
, 169 Ill. 2d 355, 370-71 (1996).  The Post-Conviction Act provides for an evidentiary hearing at the discretion of the trial court.  725 ILCS 5/122-6 (West 1994).  On review, we will not disturb the trial court's determinations unless manifestly erroneous.  
Whitehead
, 169 Ill. 2d at 365.  

The Post-Conviction Act further provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."  725 ILCS 5/122-3 (West 1994).  In addition, the doctrines of 
res
 
judicata
 and waiver limit the scope of review of a postconviction petition to only those issues that have not and could not have been previously adjudicated.  
E.g.
,  
People v. Maxwell
, 173 Ill. 2d 102, 123 (1996).  An issue that could have been raised on direct appeal is, therefore, waived in the postconviction stage.  
People v. Orange
, 168 Ill. 2d 138, 154 (1995).  
 

In the present case, we first find that defendant waived any claim of ineffectiveness of trial counsel because defendant's post-conviction petition makes no allegation that his trial attorney was ineffective.  725 ILCS 5/122-3 (West 1994).  

Defendant's two remaining arguments as to the legality of his arrest and identification of him by two of the victims are also waived.  Both issues were matters of record which could have been, but were not, raised on direct appeal.  See, 
e.g.
, 
People v. Schaff
, 281 Ill. App. 3d 290, 295 (1996) ("when facts relating to the issue appear in the record and are not raised on direct appeal," the issue is waived on a postconviction petition);  
People v. Hayes
, 279 Ill. App. 3d 575, 580 (1996) (defendant's postconviction claims were waived where they did "not depend on any fact 
dehors
 the record"); 
People v. Mendez
, 221 Ill. App. 3d  868, 871 (1991) (issues concerning matters of record were waived).  In addition, defendant made no allegation in his postconviction petition that the identification should have been suppressed as the fruit of an allegedly unlawful arrest.  Instead, in his postconviction petition, defendant contested the identification procedure on the grounds that it was unnecessarily suggestive and was doubtful, vague and uncertain.  

Even assuming that the issues were not waived, to secure an evidentiary hearing, a postconviction petitioner must make a substantial showing that his constitutional rights were violated and the record or accompanying affidavits support the allegations in the petition.  
People v. Owens
, 129 Ill. 2d 303, 307-08 (1989).  In the present case, no affidavits were attached to the postconviction petition.  Furthermore, our review of the entire record reveals no support for the arguments advanced by defendant.  The record establishes that one evening defendant and a man named Ernest Wallace entered a Baskin Robbins store where two teenaged clerks (Theresa Nelson and Regina Gordon) and the store owner (Anderson Nash) were working.  While defendant and Wallace were robbing the store, Nash telephoned the police department to report a robbery in progress.  When the police arrived, they apprehended defendant as he emerged from the store walking backwards and then caught Wallace.  After the police secured the crime scene, the two sales clerks (Nelson and Gordon) identified defendant and Wallace as the two robbers.  In addition to their identification of defendant at the crime scene, the two sales clerks also identified defendant incourt at trial as one of the robbers.  In light of the evidence in the instant case, we would find that the record does not support defendant's  contentions regarding the alleged illegality of his arrest and the identification of him by two of the robbery victims.  Accordingly, we hold that the trial court did not abuse its discretion in denying defendant an evidentiary hearing.  

Next, the State asserts that the 52-year sentence imposed by the trial court is void because the Act mandates a sentence of natural life imprisonment.  We disagree. 

A sentence that does not conform to a statutory requirement is void, and this court is authorized to correct a sentence at any time.  
People v. Arna
, 168 Ill. 2d 107, 113 (1995). 

Section 33B-1 of the Act requires that a person who has been convicted twice of an offense that contains the same elements of an offense now classified as a Class X felony and thereafter is convicted of a Class X felony "shall be adjudged an habitual criminal."  720 ILCS 5/33B-1(a) (West 1994).  The Act then dictates that an habitual criminal "shall be sentenced to life imprisonment."  720 ILCS 5/33B-1(e) (West 1994).  The directives of section 33B-1 are mandatory.  
People v. Dunigan
, 165 Ill. 2d 235 (1995) (upheld the constitutionality of the Act); 
People v. Simpson
, 272 Ill. App. 3d 1000, 1001 (1995) ("[t]he language of section 33B-1 is mandatory").

To adjudge a person as an habitual criminal and to impose a term of life imprisonment, the Act enunciates four elements that must be satisfied:  

"(1) the third offense was committed after the effective date of this Act; 

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted; 

(3) the third offense was committed after conviction on the second offense; 

(4) the second offense was committed after conviction on the first offense."  720 ILCS 5/33B- 1(d)(1),(d)(2),(d)(3),(d)(4) (West 1994).  

Proof by a preponderance of the evidence, not beyond a reasonable doubt, establishes the eligibility of a defendant for sentencing as an habitual criminal under the Act.  
People v. Robinson
, 167 Ill. 2d 53, 73 (1995).  

At sentencing in the present case, the State contended that defendant had committed three prior armed robberies, 
i.e.
, on February 3, 1972; on January 30, 1978; and on March 8, 1978.  According to the State, therefore, the instant armed robbery conviction was defendant's fourth conviction for the purpose of the Act.  The State provided various documentation relating to these prior crimes in the form of its petition, the presentence report, the rap sheet, indictments and certified statements of convictions.  

Regarding the first prior offense, the State claimed that defendant committed the offense of armed robbery in February 1972 and was convicted of that offense by a jury in April 1973.  To support this contention the State offered as evidence its petition, the presentence report, the rap sheet, the indictment, and two questionable certified copies of conviction.  The State's petition has no evidentiary value.  The presentence report stated that the conviction was for robbery and the State amended the report by inserting the handwritten word "armed."  The rap sheet states that the conviction was for robbery, not armed robbery.  Although the indictment charges defendant with the offense of armed robbery, it provides no information regarding the conviction.  

Most importantly, all of the records reflect that a four-to seven-year sentence of imprisonment was imposed for the 1973 conviction.  However, the sentence for armed robbery at the relevant time was a minimum of five years.  Ill. Rev. Stat. 1971, ch. 38, par. 18-2(b)a ("[a] person convicted of armed robbery shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than 5 years").  Obviously, the sentence imposed for the 1973 conviction did not conform with the statutory dictates of the sentence to be imposed for armed robbery.  Furthermore, the two certified copies of conviction are not dispositive.  One certified copy is undated and the other contains an obvious error in the date of arraignment.  In light of the conflicting documents presented by the State regarding the 1973 conviction, we find that the State did not sufficiently prove an armed robbery conviction in 1973 for the purpose of the Act. 

In contrast to the conflicting documentation provided for the 1973 conviction, the record contains consistent documentation for the two armed robbery convictions alleged in 1978.  The presentence report states that the charge in 1978 was armed robbery for case numbers "Inf 78-16221/2," the disposition was seven years in prison, the date was May 11, 1978, and the judge was Judge McElligott.  The rap sheet conforms with the presentence report and provides "armed robbery (2)" for information numbers 78-16221/2, seven years in prison, the date was May 11, 1978, and the judge was Judge McElligott.  Information number 78-16221 charges defendant with armed robbery based on an occurrence on January 30, 1978.  The information further states "concurrent with 78-16222."  The certified statement of conviction reveals that defendant pled guilty to armed robbery for information number 78-16621 on May 11, 1978.  The certified statement of conviction further provides that Judge McElligott imposed a sentence of seven years and the sentence was "to run concurrent with 78-16222."   

We find that the documents for the two 1978 convictions establish, by a preponderance of the evidence, that defendant was convicted of two armed robberies in 1978.  Unlike the documents presented for the 1973 conviction, there are no internal inconsistencies in the documents relating to the 1978 convictions.  Moreover, unlike the sentence imposed for the 1973 conviction, the seven-year, concurrent sentence imposed for the 1978 convictions falls within the statutory declaration for armed robbery, a Class 1 felony at that time.  Ill. Rev. Stat. 1977, ch. 38, pars. 18-2, 1005-8-1.  

Furthermore, when the State argued at sentencing that defendant was convicted of three prior armed robberies occurring on February 3, 1972, on January 30, 1978, and on March 8, 1978, defense counsel responded as follows: 

"Judge, we will stipulate that the elements, I believe, were the same back in '72, '78.  Presently armed robbery.  We would ask to review those certified documents by the Clerk's Office upon their arrival today." 

On appeal to this court, by which time defendant certainly has reviewed the documentation missing during the sentencing proceedings, defendant disputes the sufficiency of the evidence to establish the 1973 conviction but does not contest the 1978 convictions.  

Notwithstanding our finding that the two convictions in 1978 were proved by a preponderance of the evidence, the Act fails to apply in this case.  The Act requires that "the second offense was committed 
after
 
conviction
 of the first offense."  Emphasis added.  720 ILCS 5/33B-1(d)(4) (West 1994).  In the present case, the first relevant offense occurred in January 1978 and the second offense occurred in March 1978.  However, the convictions, according to the record, were both on May 11, 1978.  Therefore, there was no conviction of the first offense before the commission of the second offense.  Instead, the two 1978 convictions, as best as the record reveals to us, were concurrent, as further evidenced by the imposition of concurrent sentences.  

To adjudge anyone as an habitual criminal for a third offense under the Act, the chronology of events must be (1) the conviction of a first offense, (2) the subsequent commission and conviction of a second offense, and (3) then the commission of the third offense.  720 ILCS 5/33B-1(d)(3),(d)(4) (West 1994).  Since the record in the present case does not establish a conviction of the first offense before the commission of the second offense, we hold that the elements of the Act have not been satisfied and the trial court did not err in declining to sentence defendant as an habitual criminal.  

For all the foregoing reasons, we affirm the dismissal of defendant's postconviction petition and the 52-year sentence imposed by the trial court.   

Affirmed.  

THEIS and ZWICK, JJ., concur.