No. 2--04--1099

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--1756 |
| ROBERT D. BROWN, | ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CALLUM delivered the opinion of the court:

Following a jury trial, defendant, Robert D. Brown, was convicted of home invasion (720 ILCS 5/12--11(a)(1) (West 2002)). The State moved to sentence defendant as an habitual criminal pursuant to section 33B--1 of the Criminal Code of 1961 (Code) (720 ILCS 5/33B--1 (West 2002)). After a sentencing hearing, the trial court adjudged defendant an habitual criminal and sentenced him to the Department of Corrections for natural life in prison without chance for parole. Defendant's motion to reconsider the sentence was denied, and this appeal followed. We affirm.

Defendant contends that the trial court erred in sentencing him under the habitual offender statute. Section 33B--1 of the Code provides:

"(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X

felony, criminal sexual assault, aggravated kidnapping or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.

(b) The 2 prior convictions need not have been for the same offense.

(c) Any convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction.

(d) This Article shall not apply unless each of the following requirements are satisfied:

(1) the third offense was committed after the effective date of this Act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense;

(4) the second offense was committed after conviction on the first offense.

(e) Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment." (Emphasis added.) 720 ILCS 5/33B--1 (West 2002).

Defendant does not dispute that he has the prior convictions necessary for the imposition of habitual criminal sentencing. However, he argues that the State did not prove, pursuant to section 33B--1(d)(4), that his second offense was committed after he was convicted of his first offense.

A defendant's eligibility for sentencing as an habitual criminal must be proved by a preponderance of the evidence. People v. Eaglin, 292 Ill. App. 3d 677, 682 (1997). "The date that

an offense was committed may be established by circumstantial evidence[,] such as a certified copy of the conviction or a presentence investigation report." People v. Walton, 240 Ill. App. 3d 49, 57 (1992).

At sentencing, the State submitted a verified statement that averred, in part, that defendant was convicted of criminal sexual assault (720 ILCS 5/12--13 (West 1992)) on March 20, 1992, and of home invasion (720 ILCS 5/12--11(a)(1) (West 1992)) on October 18, 1993. Attached to the statement were certified statements of conviction for case Nos. 91--CR--0989501 and 93--CR--1954401. Regarding these certified statements, the trial court asked the following:

"THE COURT: All right. Mr. Kline [defense counsel], do you agree that the certification establishes that prior to the commission of this offense, that [defendant] was convicted of criminal sexual assault on March 20, 1992, in Cook County in case No. 91--CR--0989501?

MR. KLINE: Yes.

THE COURT: All right. Do you agree that prior to the conviction for this offense, [defendant] was found guilty of a Class X felony of home invasion on October 18, 1993, in Cook County in case No. 93--CR--1954401?

MR. KLINE: Yes."

The court also considered the presentence report. The criminal history portion showed that, in case No. 91--CF--0989501, defendant was arrested on March 27, 1991, and sentenced on March 20, 1992. In case No. 93--CF--1954401, defendant was arrested on July 22, 1993, and sentenced on October 18, 1993. The court adjudged defendant an habitual criminal and sentenced him to life imprisonment.

We conclude that defendant's argument is waived for two independent reasons. First, section 33B--2(c) of the Code provides:

"Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B--1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution's proof shows the existence of such exceptions described in this Act." 720 ILCS 5/33B--2(c) (West 2002).

Here, relying upon the exception found in section 33B--1(d)(4), defendant argues that the trial court mistakenly considered his second conviction, because the evidence did not show when that crime was committed. However, he did not raise this argument at sentencing. In People v. Walton, 240 Ill. App. 3d 49, 57-59 (1992), the defendant argued that the State failed to present evidence regarding the date when his second offense was committed. The court held that the defendant did not, at his sentencing hearing, argue that the State failed to meet its burden of proof regarding when the second felony was committed and that the issue was therefore waived: "[A]ny allegation that the State has not proved a defendant's prior convictions with sufficient competent evidence must be brought to the attention of the sentencing court, and a failure to do so results in a waiver of the issue on appeal." Walton, 240 Ill. App. 3d at 59.

We believe that the legislature enacted section 33B--2(c) to avoid the precise situation presented here. If defendant wished to challenge the State's presentation of the home invasion conviction and the trial court's consideration thereof in determining whether he was an habitual offender, the statute required that he raise the issue at sentencing for the trial court's consideration. The dissent's focus on general waiver principles and due process, declaring that we cannot require

defendant to raise issues pertaining to failures of proof at sentencing, misses the mark. It completely ignores--indeed, it does not even mention--the fact that the waiver here is <u>codified</u>. We note, too, that, contrary to the dissent's assertion, this is not a situation where the State's proof showed the existence of the exception. Indeed, the State's proof did not directly establish whether the second offense was committed before or after the first conviction. Either way, defendant remained silent regarding the possible application of section 33B--1(d)(4).

Defendant's objection to his sentence is waived also because he failed to raise this issue before the trial court in his motion to reconsider the sentence. See <u>People v. Poole</u>, 167 Ill. App. 3d 7, 16-17 (1988); see also <u>People v. Davis</u>, 205 Ill. App. 3d 865, 872 (1990). Nowhere in his written motion to reconsider, or at oral argument on the motion, did defendant object that the court had erred in sentencing him as an habitual offender because there was no evidence that his second offense was committed after his first conviction. While we have the discretion, under the plain-error rule, to address issues that would otherwise be waived, including errors or defects affecting substantial rights (see 134 Ill. 2d R. 615(a); <u>People v. Burke</u>, 362 Ill. App. 3d 99, 103 (2005)), an alleged error that consists solely of a question of proof concerning a defendant's sentence is not subject to the plain-error rule. <u>Poole</u>, 167 Ill. App. 3d at 17 (holding plain-error rule did not apply and the defendant's argument that trial judge improperly considered a previous conviction when imposing a life sentence upon him was waived). Accordingly, defendant's argument fails.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GROMETER, P.J., concurs.

JUSTICE McLAREN, dissenting:

It is clear that the State never alleged or proved the date of the commission of defendant's second offense, a required element of habitual criminal sentencing. However, the majority finds waiver in defendant's failure to object to an allegation not made, evidence not adduced, and proofs not established by any legal standard. The concept of waiver relates to failure to object to evidence introduced, not to a failure of proof. An allegation must be made, and a fact must be presented, before a defendant's silence can waive objection to it. We cannot require a defendant to be prescient, anticipating nonissues and objecting to questions that have not been asked. Furthermore, failure of proof is not established by proving the contrary conclusion, and a defendant cannot prove the negative of an allegation that is never made.

The majority has placed the burden of proof upon the defendant to prove that he is not eligible for sentencing as an habitual offender. This is particularly egregious in light of the fact that the State so clearly failed to present a prima facie case that defendant was eligible to be so sentenced. A party fails to make out a prima facie case when it fails to present at least some evidence on every element essential to the cause of action. People v. Gibson, 357 Ill. App. 3d 480, 486 (2005). Only where the burden of production is satisfied is the trier of fact permitted to find the burden of persuasion satisfied. People v. Robinson, 167 Ill. 2d 53, 75 (1995). Even where the State satisfies its burden of production regarding a basic fact, a defendant bears no burden to produce his own evidence to prevent the court from finding facts that may be inferred from prima facie evidence. Robinson, 167 Ill. 2d at 75. I cannot conclude that the legislature intended that a defendant should be required to carry the burden of proof to establish nonqualification as an habitual offender.

Furthermore, the relationship between a defendant and his counsel and the effectiveness of counsel's representation are called into question if a defendant is required to object and bring to the

State's attention a deficiency in its pleadings and proofs. "At a minimum, defense counsel must act as a true advocate for the accused, subjecting the prosecutor's case to meaningful adversarial testing." People v. Shelton, 281 Ill. App. 3d 1027, 1037 (1996), citing United States v. Cronic, 466 U.S. 648, 656, 80 L. Ed. 2d 657, 666, 104 S. Ct. 2039, 2045 (1984). In considering a defendant's claim of ineffective assistance of counsel, we must examine the "fundamental fairness of the proceeding and consider 'whether *** the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.' " Shelton, 281 Ill. App. 3d at 1036-37, quoting Strickland v. Washington, 466 U.S. 668, 696, 80 L. Ed. 2d 674, 699, 104 S. Ct. 2052, 2069 (1984). Defense counsel cannot act as a true advocate for a defendant and an adversary to the State if he is required to remind the State that it forgot to submit some of its proofs.

The State's proof itself establishes the existence of the exception contained in section 33B--1(d)(4) (the second offense was committed after the conviction of the first offense), thereby negating any claim of waiver under section 33B--2. The State failed to present any proof of the date on which the second offense was committed. Considering that the burden of proving the dates of the first conviction and the second offense was on the State, this complete failure of proof is no less evidence of the existence of the exception than if the State had affirmatively proved that the second offense had occurred before the conviction in the first case. See Eaglin, 292 Ill. App. 3d at 684 (trial court did not err in declining to sentence the defendant as an habitual criminal where the record did not establish a conviction on the first offense before the commission of the second offense and thus the "elements of the Act have not been satisfied").

While a defendant does indeed bear the burden of objecting in the trial court to incompetent evidence proffered by the State, the State also carries the burden of alleging and proving all the

required elements of its case, and the trial court is burdened with finding that all of the required elements are proven by a preponderance of the evidence before imposing a life sentence. In this case, it is undisputed that the State failed to properly allege or prove that defendant committed his second offense after he was convicted of his first offense. It is also undisputed that the trial court imposed a sentence of life imprisonment in the absence of any evidence regarding this requirement. Yet the majority holds only defendant accountable for his nonobjection to the State's failure to present a prima facie case. The majority lets pass without comment the State's failure to allege and prove a proper cause of action and, egregiously, the trial court's imposition of a life sentence in the clear absence of evidence regarding a statutory requirement. The majority seems more concerned about the issue of defendant's waiver than it does about the imposition of a life sentence in a situation where the Act "shall not apply." See 720 ILCS 5/33B--1(d) (West 2002). This is not a game of "Gotcha," where the trial court can impose a life sentence because defendant was not quick enough to object to the State's failure to prove its case. The habitual criminal statute provides very precise guidelines for its application. People v. Glover, 173 Ill. App. 3d 678, 685 (1988). The sentence is not to be imposed when the requirements are not met, whether or not the defendant objects.

A defendant has a fundamental right to be lawfully sentenced. People v. Rivera, 307 Ill. App. 3d 821, 834 (1999). It is well established that a trial court cannot impose a penalty not allowed by the sentencing statute in question, and "[a] sentence imposed without statutory authority is not subject to a defendant's forfeiture." People v. Palmer, 218 Ill. 2d 148, 154 (2006) (involving contentions regarding the application of the habitual criminal statute that were neither raised at the sentencing hearing nor included in a posttrial motion). The plain-error doctrine "permits review of illegal or impermissible sentences." Burke, 362 Ill. App. 3d at 103. If ever a case called out for a plain-error

analysis, this is it. This doctrine encompasses those errors that are obvious, that affect substantial rights, and that would be an affront to the integrity and reputation of the judicial system. In re G.W., 357 Ill. App. 3d 1058, 1061 (2005). Clearly, such an error occurred in this case. Few rights can be more substantial than the liberty interest implicated by a sentence of life in prison, and the imposition of such a sentence in light of the State's obvious failure of proof would, indeed, be an affront to the integrity of the judicial system. Such an outcome cannot be allowed to stand, even if a defendant fails to point out the State's failure in the trial court.

The majority argues that "an alleged error that consists solely of a question of proof concerning a defendant's sentence is not subject to the plain-error rule." Slip op. at 5. Would plain error apply if the State presented evidence of only one prior conviction? No evidence at all? There already is no requirement that the State give a defendant notice prior to the sentencing hearing that it will seek habitual criminal sentencing; "notice is sufficient if the petition is first read to the defendant at the hearing and he is allowed to respond to the recidivist charges before a sentence is imposed." People v. Levin, 157 Ill. 2d 138, 152 (1993). The majority would seem to hold that the State is required to do nothing other than ask the court for habitual criminal sentencing. If a trial court can impose it in the absence of one requirement, it surely can impose it in the absence of all requirements. According to the majority's logic, this court would not review such a sentencing because it dealt with a "question of proof."

Instead of dealing with this miscarriage of justice now, the majority chooses to sit back and await the inevitable postconviction petition alleging ineffective assistance of counsel. Obviously, the performance of a defense counsel who fails to object to the State's failure to allege and prove all elements of its case, thereby prejudicing his client with a sentence of life in prison, must be considered

to have fallen below an objective standard of reasonableness. See Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Based upon its interpretation of waiver and its placing of the burden to object on defendant and his counsel, the majority has affirmed defendant's sentence even though his attorney failed to test the pleadings, proofs, and evidence and literally provided no representation at all. This is a situation where the proceedings were so defective that they call into question the integrity of a judicial process that, incredibly, the majority construes as having correctly imprisoned a man for his natural life. It is ironic that defense counsel is required to know all the requirements of habitual criminal sentencing, and yet the majority would not find him ineffective for failing to object to a failure of proof and would allow the trial court to sentence a defendant represented by patently ineffective counsel to life in prison without proper pleadings and proofs.

The real question is not whether defendant was deserving of such a sentence but whether the State properly alleged and proved that he was deserving. The State failed miserably in its prosecution. The majority has reconstituted the concept of waiver and has perverted the Latin legal maxim, "nemo tenetur seipsum accusare," "that no man is bound to accuse himself," so that a man can now accuse himself (make defective pleadings proper) and incriminate himself (fail to object to defective pleadings and proof) by remaining silent during this proceeding. The majority, through its perversion of the concept of waiver, has created a proceeding where pleadings and proofs are unnecessary so long as the defendant and his learned but ineffective counsel fail to object in the trial court. Furthermore, appellate review is meaningless because waiver has now been expanded to include the issue of failure of proof below. So much for due process.