THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES A. SCRIBNER, Defendant-Appellant.

Fifth District No. 81—388

Opinion filed August 10, 1982.

 

Edward Neville, of East St. Louis, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

After a jury trial in the circuit court of Madison County, defendant was convicted of two counts of communicating with a witness. He was sentenced to 18 months' probation, with periodic imprisonment for six months on weekends in the Madison County jail. In this appeal defendant raises the following issues: (1) whether tape recordings played at trial should have been suppressed for failure to comply with section 108A–3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 108A–3); (2) whether the State's proof was worthy of belief; (3) whether the State's proof, if believed, sufficiently proved the acts charged; (4) whether there was a fatal variance between the acts charged and the proof adduced; and (5) whether the court erred in refusing defendant's tendered entrapment instruction.

The operative facts concerned criminal charges against Kevin Crotty and juvenile proceedings against Jeffrey Crotty, defendant's nephews, stemming from a fight between the nephews and John Zini, Jr., the complainant in the instant case. The evidence established that defendant telephoned Mr. Zini, who in turn telephoned Detective Thomas King of the East Alton police department. Following the telephone conversations, the State's Attorney of Madison County applied for authorization for an eavesdropping device. The application, supported by Detective King's affidavit, was approved by a circuit judge. With Mr. Zini's knowledge and consent, a tape recorder was attached to his telephone. The resulting recording of a conversation between defendant and Mr. Zini is the first recording in issue on this appeal. Later a body recorder was placed on Mr. Zini, resulting in the taping of conversations between Mr. Zini and defendant when the two men met to discuss an alleged proposition of defendant to Mr. Zini to pay him for going to the State's Attorney's office to request that charges

against the Crottys be dropped. There was also testimony concerning surveillance by various officers during the meetings and conversations. At the office of the State's Attorney, Mr. Zini signed two affidavits. The first stated that he was dropping charges against Kevin and Jeff Crotty and that he was not being threatened, coerced, or paid to do so. The second, apparently signed surreptitiously, stated that he was being offered $500 by defendant to drop charges and that he intended to prosecute despite that payment. Defendant gave Mr. Zini $100 prior to entering the State's Attorney's office and $150 upon leaving. According to Mr. Zini, the rest was to be paid upon the juvenile's release from detention.

The jury found defendant guilty of (1) offering money and (2) delivering money to Mr. Zini with intent to deter him "from testifying freely, fully and truthfully" in the prosecution against Kevin Crotty.

Detective King's affidavit in support of the State's Attorney's application for eavesdropping authorization included, *inter alia*, the following statements: (1) Affiant was in charge of investigating the beating of Mr. Zini; (2) Mr. Zini had identified Kevin and Jeffrey Crotty as the assailants; (3) felony charges and juvenile petitions had been filed against Kevin and Jeffrey Crotty, respectively; (4) Mr. Zini had stated to affiant that defendant had contacted Mr. Zini and wanted to know how he could "compensate" him for his injuries; (5) Mr. Zini had stated that defendant was "attempting to buy him off"; (6) Mr. Zini had asked defendant to call him back the next day at 12:30 p.m.; and (7) details of the conversation were expected to set up a meeting to pay Mr. Zini not to prosecute.

We first consider defendant's contention that the tape recordings should have been suppressed. There are three components to this argument:

■ First, defendant argues that the written application for eavesdropping device failed to identify the State's Attorney seeking the authorization as required by section 108A—3(a)(1). However, we find the State's Attorney's written and signed authorization on the application itself. It appears from defendant's citations to the record in support of this contention that defendant finds fault with the lack of such written authorization upon Detective King's affidavit in support of the application. This argument confuses the affidavit in support of the application with the application itself.

■ Second, defendant contends that the record does not indicate a proper consent to the eavesdropping by Mr. Zini, in that the sole written authorization by Mr. Zini of record bears a date and time later than the time at which all surveillance was completed. We reject

this contention. First, the statute does not require written consent. Second, the statute requires only that the authorizing court find that one party "has or will have consented ***." (Ill. Rev. Stat. 1979, ch. 38, par. 108A—4(a).) Thus, the court need not be presented with proof of past or present consent as of the time of the eavesdropping application. Finally, we do not view the statute as requiring a recital that a person has consented or will consent to the eavesdropping. Here, Detective King's affidavit recited Mr. Zini's identity (Ill. Rev. Stat. 1979, ch. 38, par. 108A—3(a)(2)(c)) several times under circumstances supporting a finding (Ill. Rev. Stat. 1979, ch. 38, par. 108A—4(a)) that Mr. Zini was assisting in the prosecution of defendant and had consented or would consent to the eavesdropping.

■ Third, defendant contends that the application for eavesdropping was insufficient because it failed to state that Detective King believed that a felony had been or was about to be committed. The statute requires that the application include a statement of details as to the felony that has been, is being, or is about to be committed. (Ill. Rev. Stat. 1979, ch. 38, par. 108A—3(a)(2)(a).) While the instant application and accompanying affidavit did not name any specific felony, the affidavit set forth facts and circumstances sufficiently indicating that the offense of communicating with a witness was about to be committed. We know of no requirement that the affidavit set forth expressly the affiant's belief that a felony has been, is being, or is about to be committed.

■ Next, we consider defendant's contention that the State's proof was not worthy of belief. Defendant points out minor inconsistencies in Mr. Zini's and Detective King's testimony, none of which merit recitation here. However, the credibility of the witnesses is for the jury to determine (*People v. Cook* (1976), 41 Ill. App. 3d 946, 951, 354 N.E.2d 122, 127), as is the effect of an alleged impeachment (*Beedle v. People* (1903), 204 Ill. 197, 202, 68 N.E. 434, 435). Therefore, we are not at liberty to pass upon the credibility of the witnesses as requested by defendant.

We conclude that none of defendant's attacks upon the admissibility of the State's evidence is meritorious; we now consider defendant's contention that the State's proof, if believed, did not prove the offense charged, an issue raised by defendant at the close of the State's case and in his post-trial motion.

■ Defendant was charged with communicating with a witness, which offense is committed, *inter alia*, by a person who, "with intent to deter any *** witness from testifying freely, fully and truthfully to any matter pending in any court *** offers or delivers money

\*\*\* to such \*\*\* witness \*\*\*." (Ill. Rev. Stat. 1979, ch. 38, par. 32—4(b).) Defendant urges that the evidence shows, at most, intent to cause Mr. Zini to ask the State's Attorney to drop charges. However, criminal intent may be shown by circumstantial evidence. It is rarely susceptible of direct proof but ordinarily must be inferred from the acts and conduct of the party and the attendant circumstances. (*People v. Soznowski* (1961), 22 Ill. 2d 540, 543, 177 N.E.2d 146, 148.) It is essential to a conviction upon circumstantial evidence that the facts proved be not only consistent with the accused's guilt, but that they be inconsistent, upon any reasonable hypothesis, with his innocence. (*People v. Wilson* (1948), 400 Ill. 461, 473, 81 N.E.2d 211, 217.) Further, in construing a statute, the language used should be given its plain and ordinary meaning. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46, 429 N.E.2d 492, 494.) In the instant case, we must consider not only whether defendant's intent to deter Mr. Zini from testifying fully, freely and truthfully was sufficiently proved, but also whether circumstantial evidence of defendant's intent was inconsistent with any reasonable hypothesis that such was not his intent.

■ Our review of the evidence reveals that, without doubt, defendant's offer to pay Mr. Zini was made contingent upon Mr. Zini's agreement to ask the State's Attorney to drop charges against his nephews. There is no evidence of any specific request by defendant that Mr. Zini refuse to testify or testify other than freely, fully and truthfully. Rather, Mr. Zini admitted on several occasions at trial that defendant never made such a request. Nowhere in the recorded conversations between Mr. Zini and defendant does such a request appear. The power to dismiss criminal charges rests initially and primarily with the prosecuting officer (*People v. Guido* (1973), 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 19), in this case the State's Attorney. The most the complaining witness can do is request that the State's Attorney not proceed with the prosecution. As former assistant State's Attorney Rand Hale admitted in testifying for the State, the State's Attorney was empowered to disregard Mr. Zini's request not to prosecute and to subpoena Mr. Zini to testify, though doing so would cause the State's Attorney additional difficulty.

■ Based on the evidence adduced at trial, we conclude that defendant's acts evinced an intent to cause Mr. Zini not to aid in prosecution of defendant's nephews. Although such evidence establishes guilt of the petty offense of compounding a crime (Ill. Rev. Stat. 1979, ch. 38, par. 32—1), this is not an offense defendant was charged with committing and presumably was not prepared to defend. Mr. Zini

could have fulfilled his part of the bargain with defendant, as revealed by both the testimony of Mr. Zini and by the tapes, by asking the State's Attorney to drop the charges; yet he still could have testified fully and truthfully at trial. We need not speculate as to whether defendant was prepared to offer further inducement to Mr. Zini to prevent Mr. Zini from testifying fully, freely and truthfully at trial should the State's Attorney have insisted on proceeding with the prosecution against Kevin Crotty. No such proof was offered at trial.

The State argues, however, that if defendant's acts and intent amounted to compounding a crime, this does not require the conclusion that the offense of communicating with a witness was not also proved. We have no quarrel with this proposition. Criminal or penal statutes are to be strictly construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute. Criminal or penal statutes are not to be construed so strictly as to defeat the obvious intent of the legislature. (*People v. Kirkrand* (1947), 397 Ill. 588, 589-90, 74 N.E.2d 813, 815, *cert. denied* (1947), 332 U.S. 839, 92 L. Ed. 411, 68 S. Ct. 212.) However, we do not believe that the legislature intended section 32—4 of the Criminal Code of 1961 as a duplicate of section 32—1 of the Code and thus entirely superfluous. We are in no position to affirm defendant's conviction on the basis that defendant must have been guilty of something, if not the offense charged.

The State also argues that the offense of compounding a crime only occurs where the prosecution has not yet commenced. We do not find the authorities cited (Ill. Ann. Stat., ch. 38, par. 32—1, Committee Comments—1961, at 335-36 (Smith-Hurd 1977); *Falco, Inc. v. Bates* (1975), 30 Ill. App. 3d 570, 334 N.E.2d 169) to be supportive of that proposition. In any event, it is sufficient that we conclude that the State's evidence, if it were accepted as true, was not sufficient to establish that defendant committed the offense charged. Further, in view of this conclusion, we need not consider the remaining arguments advanced by defendant.

For the reasons above stated, the judgment of the circuit court of Madison County is reversed.

Reversed.

JONES and HARRISON, JJ., concur.