JUSTICE CALLUM delivered the opinion of the court: Following a jury trial, defendant, Robert D. Brown, was convicted of home invasion (720 ILCS 5/12 — 11(a)(1) (West 2002)). The State moved to sentence defendant as an habitual criminal pursuant to section 33B — 1 of the Criminal Code of 1961 (Code) (720 ILCS 5/33B — 1 (West 2002)). After a sentencing hearing, the trial court adjudged defendant an habitual criminal and sentenced him to the Department of Corrections for natural life in prison without chance for parole. Defendant’s motion to reconsider the sentence was denied, and this appeal followed. We affirm. Defendant contends that the trial court erred in sentencing him under the habitual offender statute. Section 33B — 1 of the Code provides: “(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal. (b) The 2 prior convictions need not have been for the same offense. (c) Any convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction. (d) This Article shall not apply unless each of the following requirements are satisfied: (1) the third offense was committed after the effective date of this Act; (2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted; (3) the third offense was committed after conviction on the second offense; (4) the second offense was committed after conviction on the first offense. (e) Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment.” (Emphasis added.) 720 ILCS 5/33B — 1 (West 2002). Defendant does not dispute that he has the prior convictions necessary for the imposition of habitual criminal sentencing. However, he argues that the State did not prove, pursuant to section 33B — 1(d)(4), that his second offense was committed after he was convicted of his first offense. A defendant’s eligibility for sentencing as an habitual criminal must be proved by a preponderance of the evidence. People v. Eaglin, 292 Ill. App. 3d 677, 682 (1997). “The date that an offense was committed may be established by circumstantial evidence[,] such as a certified copy of the conviction or a presentence investigation report.” People v. Walton, 240 Ill. App. 3d 49, 57 (1992). At sentencing, the State submitted? a verified statement that averred, in part, that defendant was convicted of criminal sexual assault (720 ILCS 5/12 — 13 (West 1992)) on March 20, 1992, and of home invasion (720 ILCS 5/12 — 11(a)(1) (West 1992)) on October 18, 1993. Attached to the statement were certified statements of conviction for case Nos. 91 — CR—0989501 and 93 — CR—1954401. Regarding these certified statements, the trial court asked the following: “THE COURT: All right. Mr. Kline [defense counsel], do you agree that the certification establishes that prior to the commission of this offense, that [defendant] was convicted of criminal sexual assault on March 20, 1992, in Cook County in case No. 91 — CR— 0989501? MR. KLINE: Yes. THE COURT: All right. Do you agree that prior to the conviction for this offense, [defendant] was found guilty of a Class X felony of home invasion on October 18, 1993, in Cook County in case No. 93 — CR—1954401? MR. KLINE: Yes.” The court also considered the presentence report. The criminal history portion showed that, in case No. 91 — CF—0989501, defendant was arrested on March 27, 1991, and sentenced on March 20, 1992. In case No. 93 — CF—1954401, defendant was arrested on July 22, 1993, and sentenced on October 18, 1993. The court adjudged defendant an habitual criminal and sentenced him to life imprisonment. We conclude that defendant’s argument is waived for two independent reasons. First, section 33B — 2(c) of the Code provides: “Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B — 1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution’s proof shows the existence of such exceptions described in this Act.” 720 ILCS 5/33B — 2(c) (West 2002). Here, relying upon the exception found in section 33B — 1(d)(4), defendant argues that the trial court mistakenly considered his second conviction, because the evidence did not show when that crime was committed. However, he did not raise this argument at sentencing. In People v. Walton, 240 Ill. App. 3d 49, 57-59 (1992), the defendant argued that the State failed to present evidence regarding the date when his second offense was committed. The court held that the defendant did not, at his sentencing hearing, argue that the State failed to meet its burden of proof regarding when the second felony was committed and that the issue was therefore waived: “[A]ny allegation that the State has not proved a defendant’s prior convictions with sufficient competent evidence must be brought to the attention of the sentencing court, and a failure to do so results in a waiver of the issue on appeal.” Walton, 240 Ill. App. 3d at 59. We believe that the legislature enacted section 33B — 2(c) to avoid the precise situation presented here. If defendant wished to challenge the State’s presentation of the home invasion conviction and the trial court’s consideration thereof in determining whether he was an habitual offender, the statute required that he raise the issue at sentencing for the trial court’s consideration. The dissent’s focus on general waiver principles and due process, declaring that we cannot require defendant to raise issues pertaining to failures of proof at sentencing, misses the mark. It completely ignores — indeed, it does not even mention — the fact that the waiver here is codified. We note, too, that, contrary to the dissent’s assertion, this is not a situation where the State’s proof showed the existence of the exception. Indeed, the State’s proof did not directly establish whether the second offense was committed before or after the first conviction. Either way, defendant remained silent regarding the possible application of section 33B — 1(d)(4). Defendant’s objection to his sentence is waived also because he failed to raise this issue before the trial court in his motion to reconsider the sentence. See People v. Poole, 167 Ill. App. 3d 7, 16-17 (1988); see also People v. Davis, 205 Ill. App. 3d 865, 872 (1990). Nowhere in his written motion to reconsider, or at oral argument on the motion, did defendant object that the court had erred in sentencing him as an habitual offender because there was no evidence that his second offense was committed after his first conviction. While we have the discretion, under the plain-error rule, to address issues that would otherwise be waived, including errors or defects affecting substantial rights (see 134 Ill. 2d R. 615(a); People v. Burke, 362 Ill. App. 3d 99, 103 (2005)), an alleged error that consists solely of a question of proof concerning a defendant’s sentence is not subject to the plain-error rule. Poole, 167 Ill. App. 3d at 17 (holding plain-error rule did not apply and the defendant’s argument that trial judge improperly considered a previous conviction when imposing a life sentence upon him was waived). Accordingly, defendant’s argument fails. The judgment of the circuit court of Winnebago County is affirmed. Affirmed. GROMETER, EJ., concurs.