Docket No. 104375.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT D. BROWN, Appellant.

*Opinion filed June 19, 2008.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

Defendant, Robert D. Brown, was sentenced to natural life imprisonment after he was adjudged an habitual criminal pursuant to section 33B–1 of the Criminal Code of 1961 (the Habitual Criminal Act or the Act) (720 ILCS 5/33B–1 (West 2002)). On appeal, defendant contended that the State failed to prove him eligible for sentencing as an habitual criminal because the State presented no evidence at his sentencing hearing to establish that he committed his second prior offense after the date of conviction for his first prior offense, as required by section 33B–1(d)(4) of the Act (720 ILCS 5/33B–1(d)(4) (West 2002)). Defendant argued that this failure of proof rendered his sentence void and, as a result, his challenge to the natural life sentence imposed was not subject to forfeiture. He asked

the appellate court to remand for a new sentencing hearing. The appellate court disagreed and upheld defendant's sentence. 371 Ill. App. 3d 450.

For the reasons that follow, we affirm the appellate court judgment upholding defendant's sentence.

## BACKGROUND

On April 14, 2004, defendant was found guilty of home invasion (720 ILCS 5/12–11(a)(1) (West 2002)), a Class X felony, in relation to events which occurred on June 22, 2003. Prior to sentencing, the State filed a motion asking the court to sentence defendant to natural life imprisonment as an habitual criminal pursuant to the Act. 720 ILCS 5/33B–1 *et seq.* (West 2002).[1] In its motion, the State averred that, in two separate and unrelated prior prosecutions, defendant was convicted for committing offenses which qualified him as an habitual criminal, namely, that defendant was convicted of criminal sexual assault on March 20, 1992, in case number 91 CR 0989501, and that defendant was convicted of home invasion on October 19, 1993, in case number 93 CR 1954401. Certified statements of conviction were attached to the motion.[2]

---

[1]The Act provides in section 33B–1:

"(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.

\* \* \*

(e) Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment."

[2]Section 33B–2(b) of the Act provides in pertinent part:

"(b) A duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B–1 shall be prima facie evidence of such former conviction \*\*\*." 720 ILCS

Later, at defendant's sentencing hearing, the State entered into evidence the certified statements of defendant's two prior convictions, as well as a presentence investigation report that established the dates on which defendant was arrested for committing the offenses which led to his two prior convictions. In addition, the State presented argument in support of its motion, stating:

> "Judge, it's interesting to note that this defendant was on parole for criminal sexual assault. He commits home invasion. He is on parole for home invasion. He commits another home invasion. It's our belief this defendant is a sociopath, and a natural life sentence is entirely appropriate in this case."

Defendant made no objection to the State's evidence at his sentencing hearing. In fact, when asked by the court whether there were any deficiencies in the certification or anything he wanted to bring to the court's attention, defense counsel replied, "No, I believe he's complied with the certification, I believe he's complied with what the law is." Further, in response to the State's motion, one argument posited by defense counsel was that defendant's prior counsel, knowing that defendant would be subject to the habitual criminal statute, should have made a greater effort to negotiate a deal with the State with respect to his current offense. Defendant declined to exercise his right to allocution, stating only that he had "nothing to say."

After hearing the arguments of counsel and in light of the certified statements of conviction and the presentence investigation report, the trial court found defendant to be an habitual criminal and sentenced him to natural life imprisonment.

Defendant filed a "Motion to Reconsider Sentence," in which he challenged the constitutionality of the habitual criminal statute, but raised no claim with respect to the sufficiency of the State's evidence concerning his prior convictions. It was not until his appeal that defendant questioned whether the evidence presented at his sentencing hearing supported the circuit court's imposition of a natural life sentence under the Act. On appeal, defendant argued for

---

5/33B–2(b) (West 2002).

the first time that at sentencing the State presented no direct evidence to establish the date on which he committed his second prior offense and, consequently, failed to show that the commission of this second offense came after his conviction for his first prior offense–a requirement for habitual criminal sentencing pursuant to section 33B–1(d)(4) of the Act (720 ILCS 5/33B–1(d)(4) (West 2002)).[3]

The appellate court affirmed defendant's sentence, with one justice dissenting. 371 Ill. App. 3d 450. The appellate court majority ruled that the issue raised on appeal was forfeited for two reasons: (1) section 33B–2(c) of the Act (720 ILCS 5/33B–2(c) (West 2002))[4] required defendant to raise any objection to the State's evidence at his sentencing hearing, which he did not do; and (2) defendant failed to challenge the sufficiency of the evidence in his motion to reconsider sentence. 371 Ill. App. 3d 450.

The dissenting justice disagreed, stating that the section 33B–2(c) forfeiture provision did not apply because this case fit within the forfeiture provision's stated exception, i.e., "[t]he State's proof itself

---

[3]Section 33B–1(d) provides:

"This Article shall not apply unless each of the following requirements are satisfied:

(1) the third offense was committed after the effective date of this Act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense;

(4) the second offense was committed after conviction on the first offense."

[4]Section 33B–2(c) provides:

"Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B–1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution's proof shows the existence of such exceptions described in this Act."

-4-

establishes the existence of the exception contained in section 33B–1(d)(4)." 371 Ill. App. 3d at 454 (McLaren, J., dissenting). Further, the dissenting justice held that the State failed to meet its burden of production on one of the requirements necessary to sentence defendant as an habitual criminal and, because of this failure of proof, the sentence imposed by the circuit court was not statutorily authorized. 371 Ill. App. 3d at 455 (McLaren, J., dissenting). Accordingly, the dissenting justice opined that defendant's challenge to his sentence was not subject to forfeiture and should be reviewed under the plain error doctrine. 371 Ill. App. 3d at 455-56 (McLaren, J., dissenting).

We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315.


ANALYSIS

We note at the outset that defendant does not contend in his brief before this court that he is not an habitual criminal because the timing and sequence of his prior convictions do not actually satisfy the chronological requirements of the habitual criminal statute. Rather, he maintains, as he did in the appellate court below, that the State has the burden of proving a person eligible for habitual criminal sentencing by a preponderance of the evidence and, to do so, the State must present sufficient evidence to establish not only that the person committed the requisite three qualifying offenses, but that those convictions satisfy the chronological requirements set forth in section 33B–1(d) of the Act. Further, defendant maintains that, in this case, the State failed to present any evidence to establish that he committed his second offense after his conviction for his first offense. See 720 ILCS 5/33B–1(d)(4) (West 2002). He argues that because such proof was not entered into evidence, his eligibility to be sentenced under the habitual criminal statute was not established and the sentencing court had no authority to sentence him as an habitual criminal. Defendant concedes that he never raised any objection to the State's evidence at sentencing or in his postsentencing motion. He maintains, however, that because the State failed to prove his eligibility to be sentenced as an habitual criminal, the circuit court did not have the authority to impose a natural life sentence. Defendant concludes that his sentence

is void and that a void sentence is not subject to forfeiture. Thus, he asks that we remand for a new sentencing hearing.

The State disagrees. Interpreting the provisions of the habitual Criminal Act, the State contends that to prove a defendant eligible for habitual criminal sentencing it has the burden of proving that the defendant has the requisite three convictions for qualifying offenses. Thus, after a defendant has been convicted of his third offense, the State must submit evidence of the defendant's prior convictions at his sentencing hearing. Certified records of conviction constitute *prima facie* evidence of such convictions and, if produced by the State, will satisfy the State's burden of production. Thus, once the State has produced *prima facie* evidence of the defendant's prior convictions, a presumption is created that defendant is eligible for habitual criminal sentencing. The onus is then shifted to the defendant to rebut the presumption of eligibility by demonstrating at his sentencing hearing that his prior convictions come within one of the exceptions set forth in section 33B–1(d). According to the State, if the defendant fails to raise any defect or inaccuracy concerning his prior convictions at his hearing, he forfeits the argument pursuant to section 33B–2(c) of the Act.

Interpreting the Act in this manner, the State maintains that, in the case at bar, defendant's eligibility for sentencing as an habitual criminal was established. The State contends that it met its burden of production at defendant's sentencing hearing by introducing certified copies of defendant's prior convictions. Further, the State maintains that, because defendant did not object to the State's evidence at his sentencing hearing, he forfeited his right to challenge his habitual criminal sentence on appeal pursuant to section 33B–2(c) of the Act.

The State further claims that, even without the section 33B–2(c) forfeiture provision, defendant would be precluded from challenging his sentence on appeal by application of general principles of forfeiture because defendant did not challenge the State's evidence at his sentencing hearing or in his postsentencing motion. Consequently, the State asks that we affirm defendant's natural life sentence and uphold the appellate court majority's ruling that defendant forfeited the right to challenge his sentence on appeal.

Finally, the State argues that defendant is an habitual criminal because the timing and sequence of his prior offenses and convictions

actually satisfy the chronological requirements of the habitual criminal statute and, as a result, any failure of proof on this matter is harmless error. Accordingly, the State argues that no new sentencing hearing is necessary.

Our resolution of the issues raised in this appeal requires us to interpret and apply the statutory provisions concerning habitual criminals under the circumstances present here. Our review, therefore, is *de novo*. See *In re Jaime P.*, 223 Ill. 2d 526 (2007) (matters of statutory interpretation present questions of law and are subject to *de novo* review). When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *People v. Palmer*, 218 Ill. 2d 148 (2006). Legislative intent is determined by considering the language of the statute, given its plain and ordinary meaning, as well as the purpose and necessity for the law, the evils sought to be remedied, and goals to be achieved. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). Each word, clause and sentence of the statute must be given reasonable meaning and not rendered superfluous, unless to do so would result in absurdity, inconvenience, or injustice. *People v. Palmer*, 218 Ill. 2d at 156.

Turning to the Act, we see that it mandates a life sentence be imposed on anyone "who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping or first degree murder, and is thereafter convicted of [one of the above], committed after the 2 prior convictions." 720 ILCS 5/33B–1(a) (West 2002). Although section 33B–1(a) simply requires that a defendant have three convictions for qualifying offenses to be adjudged an habitual criminal, paragraph (d) provides that "[t]his Article shall not apply unless each of the following requirements are satisfied: (1) the third offense was committed after the effective date of this Act; (2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time in custody shall not be counted; (3) the third offense was *committed* after *conviction* on the second offense; (4) the second offense was *committed* after *conviction* on the first offense." (Emphases added.) 720 ILCS 5/33B–1(d) (West 2002). According to the plain language of the statute, then, a defendant may not be sentenced as an habitual

criminal unless he has three convictions for qualifying offense *and* those convictions meet the additional requirements set forth in section 33B-1(d).

Section 33B–2 of the Act sets forth the manner in which a defendant's status as an habitual criminal is to be proved. Section 33B–2(a) provides that the State "shall not" allege a prior conviction in the indictment, nor present evidence of such at trial, but rather "[a]fter a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B–1" and "unless the defendant admits such conviction, the court shall hear and determine such issue and shall make a written finding thereon." 720 ILCS 5/33B–2 (West 2002).

Pursuant to this provision, a defendant's eligibility for sentencing as an habitual criminal is determined at the time of sentencing rather than at trial. Accordingly, a defendant's status as an habitual criminal is a sentencing factor and not an element of the underlying offense for which he is being sentenced. See *Apprendi v. New Jersey*, 530 U.S. 466, 485-86, 147 L. Ed. 2d 435, 452, 120 S. Ct. 2348, 2360 (2000) (the term "sentencing factor" finds its origin in *McMillan v. Pennsylvania*, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411 (1986), and refers to a fact that is not found by a jury but could affect the sentence imposed by the judge).

In *People v. Robinson*, 167 Ill. 2d 53, 72-73 (1995), we held that, because a defendant's eligibility for sentencing as an habitual criminal is determined at the time of sentencing when he is no longer clothed with the presumption of innocence, he need not be " 'afforded the full panoply of due process rights which are necessarily afforded a criminal defendant at the evidentiary phase of trial. Those standards which, at trial, govern the admissibility of evidence and precisely define the manner in which the court and parties are to proceed are absent.' " *Robinson*, 167 Ill. 2d at 72-73, quoting *People v. Levin*, 157 Ill. 2d 138, 153 (1993). We held, therefore, that a defendant's eligibility for habitual criminal sentencing need not be proved beyond a reasonable doubt. *People v. Robinson*, 167 Ill. 2d at 73.

We recognized, however, that the Act "provides certain evidentiary and procedural safeguards" and, therefore, the habitual

-8-

criminal sentencing process is "more formalistic than sentencing under our general sentencing provision." *Levin*, 157 Ill. 2d at 154. Thus, we held in *Robinson* that the State bears the burden of proving a defendant's eligibility for sentencing under the Act by a preponderance of the evidence. *Robinson*, 167 Ill. 2d at 71. "A preponderance of the evidence is evidence that renders a fact more likely than not." *People v. Urdiales*, 225 Ill. 2d 354, 430 (2007). In the case at bar, both the defendant and the State agree that a preponderance of the evidence standard is the standard of proof required to prove eligibility for sentencing as an habitual criminal.[5]

Although the parties agree on the standard of proof, they disagree on what evidence the State must produce to satisfy its burden. As noted earlier, defendant argues that, in addition to establishing that defendant has the requisite two prior convictions, the Act requires the State to introduce direct evidence to demonstrate compliance with the requirements of section 33B–1(d). The State, however, interprets the Act differently. According to the State, the introduction of *prima facie* evidence of the defendant's two prior convictions at the defendant's sentencing hearing creates a rebuttable presumption that defendant is eligible for habitual criminal sentencing. If defendant then fails to rebut this presumption by producing some evidence to indicate that the prior convictions do not meet the requirements of the Act, the State will have carried its burden of persuasion and the circuit court is permitted to find the defendant eligible for habitual

---

[5]We note, as an aside, that defendant does not argue that either *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), or *Shepard v. United States*, 544 U.S. 13, 161 L. Ed. 2d 205, 125 S. Ct. 1254 (2005) (discussing the type of evidence that may be used to establish that a prior conviction, which stemmed from a guilty plea, qualified as a violent felony under the Armed Career Criminal Act for purposes of enhancing the defendant's sentence), have any application to the situation here. Thus, we shall assume for the purposes of this appeal that the timing and sequence of defendant's prior convictions are facts inherent in the convictions themselves and, as such, fall within the recidivism exception to the *Apprendi* rule. See *People v. Ligon*, 365 Ill. App. 3d 109, 127-28 (2006).

criminal sentencing. Moreover, if defendant fails to rebut the presumption of his eligibility at his sentencing hearing, he forfeits the right to challenge the finding of eligibility on appeal.

We find the State's interpretation of the Act to be the correct one. Paragraph (b) of section 33B–2 provides that "a duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B–1 shall be *prima facie* evidence of such former conviction." In *People v. Robinson*, 167 Ill. 2d at 75, we interpreted this provision as creating a permissive rebuttable presumption. We said:

> "In the criminal context, *prima facie* evidence is in the nature of a presumption, more accurately described as an instructed inference. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §304.1, at 114-16 (5th ed. 1990).) *Prima facie* evidence may be defined as a quantum of evidence sufficient to satisfy the burden of production concerning a basic fact that allows an inference of a presumed fact. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §302.8, at 102 (5th ed. 1990).) Where the burden of production is satisfied, the trier of fact is permitted but not required to find the presumed fact. See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §304.1, at 115-16 (5th ed. 1990).
>
> Even where the State satisfies the burden of production concerning a basic fact, a defendant bears no actual burden to produce evidence to prevent operation of the inference. However, where the State satisfies the burden of production concerning a basic fact, a defendant does face the risk of nonpersuasion concerning the presumed fact. As a practical matter, the risk of nonpersuasion is greatly increased where a defendant submits no evidence to prevent operation of the inference.
>
> *** Once the burden of production is satisfied, the judge is permitted but not required to find the burden of persuasion satisfied depending on the judge's consideration of all the evidence. The defendant's introduction of contradictory evidence does not diminish the *prima facie* evidence, but such

-10-

evidence is considered by the trial judge in determining whether the State has satisfied the burden of persuasion."

We continue to adhere to our holding in *Robinson* that section 33B–2(b) creates a permissive rebuttable presumption. See also *People v. Woodrum*, 223 Ill. 2d 286, 309-10 (2006) (distinguishing the permissive presumption found in *Robinson* from a mandatory presumption found to be *per se* unconstitutional because it relieved the State of its burden of proving every element of an offense beyond a reasonable doubt).

We conclude, also, that because the presumption is contained in a sentencing statute which deals, not with guilt or innocence, but with a defendant's eligibility to be sentenced as an habitual criminal, the legislature is free to impose on defendant the burden of producing some evidence to contradict the presumption created by the State's introduction of *prima facie* evidence. See *People v. Beltran*, 327 Ill. App. 3d 685 (2002) (section 5–805(2) of the Juvenile Court Act, which creates a rebuttable presumption that transfer of juvenile to criminal court is warranted, does not violate due process because a transfer hearing does not determine guilt or innocence; placing burden on juvenile to rebut the presumption that transfer is warranted does not alter the State's burden of proving each element of the offense beyond a reasonable doubt).

In light of the above and reading section 33B–2(b) in conjunction with section 33B–1, we hold that the Act requires the State to prove a defendant eligible for habitual criminal sentencing by demonstrating, by a preponderance of the evidence, that the defendant has three convictions for qualifying offenses and that these convictions meet the time and sequence requirements found in section 33B–1(d). The State may meet its burden through the introduction of any type of evidence, but the State will satisfy its burden of production regarding a defendant's eligibility for habitual criminal sentencing if it introduces certified records of the defendant's prior convictions. These certified records, as *prima facie* evidence, will create an inference or rebuttable presumption that the defendant is eligible for sentencing as an habitual criminal, *i.e.*, that the convictions are for the specified qualifying offenses *and* that the convictions satisfy all of the requirements set forth in section 33B–1 of the Act. See *People v. Robinson*, 167 Ill. 2d 53, 75-76 (1995) ("a

certified copy of a record of conviction satisfies the State's burden of production regarding the fact of that conviction"). Defendant has no actual burden to produce any evidence at his sentencing hearing. However, once the State has produced *prima facie* evidence, the sentencing court is permitted, though not required, to find that the State has met its burden of persuasion and rule defendant eligible for habitual criminal sentencing. The defendant, by failing to come forward with some evidence to show that his prior convictions do not meet the requirements of the Act, runs the risk that the inference of eligibility will stand.

If the State meets its burden of production and defendant does not present some evidence of a defect or discrepancy in the State's evidence, the sentencing court may look to all of the evidence presented by the State to determine whether it has met its burden of persuasion. As long as the State's evidence does not affirmatively demonstrate that the prior convictions do not satisfy all of the requirements of section 33B–1 (see *People v. Eaglin*, 292 Ill. App. 3d 677 (1997)), the State will have carried not only its burden of production, but its burden of persuasion, *i.e.*, the State will have shown, by a preponderance of the evidence, that defendant is eligible to be sentenced as an habitual criminal. See *People v. Robinson*, 167 Ill. 2d at 75.

This interpretation of the Act is reinforced by the forfeiture provision found in section 33B–2(c), which provides:

> "Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B–1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution's proof shows the existence of such exceptions described in this Act." 720 ILCS 5/33B–2(c) (West 2002).

This section makes clear that "a previous conviction offered by the prosecution" will be presumed "a former conviction of an offense set forth in Section 33B–1," that is, a conviction which meets all of the requirements of the Act, unless defendant produces some evidence to contradict the inference. Further, if defendant fails to rebut the presumption of his eligibility at his sentencing hearing, he will have forfeited the right to do so on direct appeal.

-12-

The forfeiture provision allows for one exception. A defendant will not forfeit the right to challenge the presumption of eligibility for habitual criminal sentencing on appeal if the State's own evidence affirmatively "shows the existence of such exceptions described in this Act." 720 ILCS 5/33B–2(c) (West 2002). In other words, if the State's evidence concerning the defendant's prior convictions does not support the inference of eligibility because the evidence, on its face, demonstrates that defendant's prior convictions do not meet all of the requirements of section 33B-1, defendant will not be prohibited from challenging his sentence on appeal.

An example of this exception is found in *People v. Eaglin*, 292 Ill. App. 3d 677 (1997). In *Eaglin*, the sentencing court declined to sentence defendant as an habitual criminal and the State challenged that ruling. The appellate court upheld the circuit court's judgment. The record showed that the State had submitted certified statements of conviction at defendant's sentencing hearing indicating that defendant had one armed robbery conviction in 1973 and two armed robbery convictions in 1978. However, the certified statements for the 1973 conviction (the State had submitted two) were "questionable" (one was undated and the other had incorrect information). Moreover, the certified statements were inconsistent with other evidence submitted by the State. The presentence report stated that the 1973 conviction was for robbery and the State amended the report by inserting the handwritten word "armed." The rap sheet stated that the conviction was for robbery, not armed robbery, and the sentence imposed for the 1973 conviction did not conform with the statutory dictates for armed robbery.

The certified statements regarding the 1978 convictions showed that defendant did have two prior convictions for armed robbery. However, the additional evidence submitted by the State showed that these convictions did not satisfy the additional requirements of section 33B–1(d)–the evidence produced by the State indicated that defendant was convicted for both prior offenses on the same date and, thus, these convictions could not have satisfied the time and sequence requirements of section 33B–1(d)(4). Thus, the State's proof did not establish defendant's eligibility for sentencing as an habitual criminal by a preponderance of the evidence and the sentencing court correctly declined to sentence the defendant as an habitual criminal.

Applying our interpretation of the Habitual Criminal Act to the case at bar, we find that defendant has forfeited the right to challenge his habitual criminal sentence on appeal. The record shows that, at defendant's sentencing hearing following his conviction for the felony offense of home invasion, the State submitted certified records showing that defendant had been convicted, on two separate occasions, for felony offenses that qualified him for habitual criminal sentencing–criminal sexual assault on March 20, 1992, in case number 91 CR 0989501, and home invasion on October 19, 1993, in case number 93 CR 1954401. In addition, the State produced a presentence investigation report that established the dates on which defendant was arrested for committing the offenses which led to his two prior convictions and the prosecutor verbally informed the court that defendant had been on parole for criminal sexual assault when he committed the offense of home invasion and had again been on parole for home invasion when he committed the current offense–another home invasion.

The certified records created the inference or rebuttable presumption that defendant was eligible for habitual criminal sentencing. Defendant offered no evidence to rebut this presumption and, in fact, admitted eligibility for habitual criminal sentencing. Thus, we must conclude that, pursuant to section 33B–2(c), he has forfeited the right to challenge his sentence on appeal.

The exception to forfeiture does not apply here because the State's evidence does not affirmatively show that the requirements of the Act were not met. Defendant's first prior conviction occurred on March 20, 1992, and his second prior conviction occurred more than 18 months later, on October 19, 1993. In addition, the prosecutor informed the court that defendant had been on parole for his first conviction when he committed his second offense. The State's evidence, on its face, does not "show[ ] the existence of such exceptions described in this Act." Thus, in the absence of any contradictory evidence offered by defendant, the sentencing court was authorized to find that the State had met its burden of persuasion and the habitual criminal sentence imposed by the court is not void. For the foregoing reasons, we affirm the appellate court majority's determination that, pursuant to section 33B–2(c) of the Act, defendant forfeited his ability to challenge his sentence on appeal.

-14-

Because we find that under the circumstances presented here the sentencing court was authorized to find defendant eligible for habitual criminal sentencing, we need not consider the State's harmless-error argument, nor do we find it necessary to address the State's contention that defendant also would be prevented from challenging his natural life sentence under general principles of forfeiture.

Finally, we point out that defendant does not allege that his prior convictions do not, in fact, satisfy the requirements of the Act. If, however, defendant could make such a claim, our resolution of his appeal here today would not leave him without a remedy. In that situation, the appropriate avenue would be for defendant to file a petition under the Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.* (West 2002)) alleging ineffective assistance of counsel. Certainly, if he could establish that his prior convictions do not satisfy all of the requirements of the Act and that his attorney failed to bring this to the sentencing court's attention, defendant would have no difficulty showing that he was prejudiced by his attorney's deficient conduct. In that case, defendant would have been given a sentence of natural life when he was not eligible for the enhanced sentence.

## CONCLUSION

For the reasons stated, we affirm the appellate court's judgment upholding defendant's life sentence.

*Appellate court judgment affirmed.*