NOTICE

Decision filed 10/21/09. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-08-0209

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Clinton County. |
| | ) |
| v. | ) No. 07-CM-295 |
| | ) |
| ROGER G. DETERMAN, | ) Honorable |
| | ) Kathleen P. Moran, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

This is a case of first impression requiring our construction of provisions of the Non-Support Punishment Act (the Act) (750 ILCS 16/1 *et seq.* (West 2006)). The Act provides for the criminal prosecution of persons who willfully fail to provide for the support of a spouse or child. Section 5 of the Act provides as follows:

> "A proceeding for enforcement of this Act may be instituted and prosecuted
>
> by the several State's Attorneys only upon the filing of a verified complaint by the
>
> person or persons receiving child or spousal support." 750 ILCS 16/5 (West 2006).

Section 10 of the Act provides, "Proceedings under this Act may be by indictment or information." 750 ILCS 16/10 (West 2006).

In the case before us, the defendant, Roger G. Determan, was charged on October 26, 2007, by an information filed in the circuit court of Clinton County, with a failure to support, in that he had willfully failed to pay, for more than six months, a support obligation ordered by a court and that he was in arrears in excess of $5,000, in violation of section 15(a)(2) of the Act (750 ILCS 16/15(a)(2) (West 2006)). The offense charged is a Class A

1

misdemeanor. 750 ILCS 16/15(b) (West 2006). The information was based on a form "Complaint" provided by the office of the State's Attorney that had been filled in by the person entitled to receive support, Krista Mason, verified, and left with the State's Attorney. This complaint was not attached to or filed with the information.

Subsequently, the defendant filed a motion to dismiss the information, alleging that Krista Mason had executed a "Withdrawal of Complaint," had withdrawn the complaint executed by her in the office of the State's Attorney, and wished to terminate the proceedings against the defendant. The motion asserted that pursuant to section 5 of the Act, a proceeding under the Act could only be instituted and prosecuted upon the filing of a verified complaint by the person entitled to receive support and that because no such complaint was on file, the action must be dismissed. A "Withdrawal of Complaint" executed by Krista Mason was attached to the motion to dismiss. It appears from the record that the defendant and Krista Mason had reached an out-of-court settlement of the dispute and that the defendant was going to pay some of the past-due support owed and remain current on his obligation.

At the hearing on the motion to dismiss, the defendant argued that the charge was insufficient and had to be dismissed because no verified complaint had been filed in court by the person entitled to receive support and the information alone was not sufficient. The defendant argued that pursuant to section 5 of the Act, before the State's Attorney could institute and prosecute the case, the verified complaint had to be filed in court.

The State's Attorney argued that once the complaint was filed with his office, it was left to his discretion whether to prosecute the defendant and the complainant could not "withdraw" her complaint and subvert that discretion. He argued that this case should be treated like any other case commenced by a criminal complaint filed with the State's Attorney's office: the State's Attorney reviews the complaint, whether in the form of a police

2

report or traffic citation, and in the exercise of his discretion decides whether to file criminal charges.

In ruling on the motion, the circuit court construed the word "filing" in section 5 of the Act to mean that the proceeding could only be instituted upon the filing of a verified complaint *in the circuit court*. Accordingly, the court ruled that the statute requires that a verified complaint be filed in court, by the person entitled to receive support, either prior to or contemporaneously with the filing of the information or indictment by the State's Attorney. The court further ruled that the complainant has the right to withdraw her complaint before it is filed in court and that the complainant in the case at bar had done so. Accordingly, the court granted the defendant's motion to dismiss the information.

On a motion for reconsideration the court entered a written order as follows:

"The Court believes that the statute [citation] requires that a verified complaint be attached to the Information in order to comply with the statute[,] which says that the State may proceed only upon the '<u>filing</u> of a verified complaint by the person or persons receiving child or spousal support.'

The person who signed the complaint appeared in court and sought to withdraw the complaint prior to the time that it was filed in court. This Court believes that since the complaint had not yet been filed and attached to the Information that [*sic*] the Information was void and that Miss Mason had the right to withdraw her complaint prior to the filing of the Information with the complaint attached. This Court hereby grants the Motion to Dismiss." (Emphasis in original.)

The State appeals. We affirm.

As the circuit court correctly pointed out, there is no case law interpreting or construing section 5 of the Act. We do so here as a matter of first impression, and because matters of statutory interpretation present questions of law, our review is *de novo*. See

3

*People v. Brown*, 229 Ill. 2d 374, 382 (2008).

On appeal, the State first argues that the circuit court erred in construing the Act to require the filing of a verified complaint with the circuit court, as opposed to finding that filing the verified complaint with the office of the State's Attorney was sufficient. When we interpret a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *Brown*, 229 Ill. 2d at 382. Legislative intent is determined by considering the language of the statute, given its plain and ordinary meaning, as well as the purpose and necessity for the law, the evils sought to be remedied, and the goals to be achieved. *Brown*, 229 Ill. 2d at 382-83. Each word, clause, and sentence of the statute must be given a reasonable meaning and must not be rendered superfluous, unless to do so would result in absurdity, inconvenience, or injustice. *Brown*, 229 Ill. 2d at 383. Words and phrases must not be viewed in isolation but must be considered in light of other relevant provisions of the statute. *People v. Beachem*, 229 Ill. 2d 237, 243 (2008).

Pursuant to our Code of Criminal Procedure of 1963 (the Code), a "complaint" is defined as "a verified written statement other than an information or an indictment, *presented to a court*, which charges the commission of an offense." (Emphasis added.) 725 ILCS 5/102-9 (West 2006). This is the most common definition of the word "complaint" in the context of a criminal proceeding. In order to "present" a complaint to a court, it is necessary that it be *filed* with the clerk of the court. *People v. Billings*, 52 Ill. App. 3d 414, 425 (1977). A document is "filed" when it is delivered to the proper officer with the intention of having the document kept on file by that officer in the proper place. *Valio v. Board of Fire & Police Commissioners of the Village of Itasca*, 311 Ill. App. 3d 321, 327 (2000). Thus, the proper officer with whom to file a complaint is the clerk of the court, not the State's Attorney.

We must conclude, therefore, that within the context of section 5 of the Act, the phrase "upon the filing of a verified complaint" refers to the filing *in the circuit court* of a

4

verified written statement charging the commission of an offense. Accordingly, the circuit court properly interpreted the Act as requiring that before the State's Attorney could institute the criminal proceeding by filing an information, the person entitled to receive support had to have filed in the circuit court a verified complaint charging the defendant with the commission of an offense.

The State argues, however, that the purpose of the requirement that a verified complaint be filed is to give notice to the State's Attorney that the complainant wishes to prosecute and that, therefore, it makes sense that the filing should be with the State's Attorney and not with the circuit court. We reject the State's assumption regarding the purpose of the requirement that a verified complaint be filed. It is speculative and unsupported by legislative history, case law, or logic. Providing notice to the State's Attorney of the filing of the verified complaint is a simple matter of delivering to his office a copy of the file-stamped complaint. As the defendant points out, a more likely purpose of the requirement that a verified complaint be filed is to impress upon the complainant the seriousness of the proceeding and to encourage honesty and accuracy in proceedings to enforce support obligations. This purpose is better served by requiring the filing of the verified complaint with the circuit court.

The State also argues that our interpretation of section 5 of the Act frustrates and interferes with the State's Attorney's exclusive discretion to initiate and manage criminal prosecutions. See *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45 (1983) ("It is a familiar and firmly established principle that the State's Attorney, as a member of the executive branch of government, is vested with the exclusive discretion in the initiation and management of a criminal prosecution"). Again, we disagree. Under our interpretation of section 5, the State's Attorney retains his discretion over whether and how to prosecute individuals under the Act. Even after the filing with the court of a verified complaint, the

5

State's Attorney still retains discretion regarding whether to file an information or indictment to commence the prosecution and retains the discretion to thereafter manage the criminal prosecution.

The State next argues that because the information strictly complied with the pleading requirements of section 111-3 of the Code (725 ILCS 5/111-3 (West 2006)), the circuit court had no authority to dismiss it. See *People v. DiLorenzo*, 169 Ill. 2d 318, 321-22 (1996) (when the sufficiency of the charging instrument is attacked in a pretrial motion, the standard of review is to determine whether the instrument strictly complies with the requirements of section 111-3 of the Code). The State argues that, because the information filed by the State's Attorney strictly complied with section 111-3, it was wholly sufficient and need not have been supported by another form of a charging instrument, such as a verified complaint. The State further argues that, had the legislature intended that a verified complaint be a necessary part of the charging instrument, it could have required in section 10 of the Act that proceedings under the Act be brought by "information or indictment accompanied by verified complaint."

We conclude that, regardless of the legal sufficiency of the information filed by the State's Attorney, pursuant to section 5 of the Act, the State's Attorney had no authority to file that information until the person entitled to receive support had filed a verified complaint with the circuit court. This interpretation of section 5 is not inconsistent with section 10 of the Act, which provides that proceedings under the Act may be by indictment or information. While the verified complaint may not be sufficient under the Act to institute or commence the proceeding, it is a necessary prerequisite to the filing by the State's Attorney of the charging instrument, which does institute or commence the proceeding. While the verified complaint is not a necessary part of the charging instrument, it is a necessary prerequisite to the filing by the State's Attorney of the charging instrument. Because this prerequisite had

6

not been fulfilled in the case at bar, the State's Attorney had no authority under the Act to file an information and the circuit court did not err in dismissing the information.

Finally, the State argues that the circuit court erred in ruling that Mason had the right to withdraw her complaint after she had provided it to the State's Attorney and the information based thereon had been filed. The State argues that the power to dismiss criminal charges rests with the State's Attorney, not with the complaining witness, and that once a complaint is signed, the furtherance and prosecution of the criminal action is in the control of the State's Attorney and a private complainant cannot withdraw her complaint. See *People v. Scribner*, 108 Ill. App. 3d 1138, 1143 (1982).

We find no error in the circuit court allowing Mason to "withdraw" her complaint. It had not been filed in the circuit court as required by section 5 of the Act. Accordingly, there was really nothing to withdraw. Section 5 of the Act requires that the verified complaint be filed *by the person entitled to receive support*, not by the State's Attorney. It could not be filed with the court by the State's Attorney because the Act requires that it be filed by the person entitled to receive support. Because no such complaint was ever filed by the person entitled to receive support, the circuit court did not err in ruling that Mason could "withdraw" her complaint from the State's Attorney.

For the foregoing reasons, we affirm the judgment of the circuit court of Clinton County.


Affirmed.


GOLDENHERSH, J., concurs.


JUSTICE DONOVAN, specially concurring:

7

I concur in the majority's decision to affirm the judgment of the circuit court of Clinton County. I agree that the issue involves the interpretation of statutory provisions of the Non-Support Punishment Act (Act) (750 ILCS 16/1 *et seq.* (West 2006)) and that review is *de novo*. Under the rules of statutory construction, as the majority has noted, all the provisions of a statutory enactment should be viewed as a whole, and words and clauses should be considered in light of other relevant statutory provisions, so that each is given a reasonable meaning and is not rendered superfluous. *People v. Beachem*, 229 Ill. 2d 237, 243, 890 N.E.2d 515, 519 (2008); *People v. Botruff*, 212 Ill. 2d 166, 174, 817 N.E.2d 463, 468 (2004). After reviewing section 5 and section 10 of the Act (750 ILCS 16/5, 10 (West 2006)) and considering the goals to be achieved and the evils to be avoided in the legislative enactment, I conclude that these provisions authorize a prosecutor, in his or her discretion, to file an information in the circuit court either subsequent to or in conjunction and simultaneously with the victim's filing of a verified complaint in the circuit court alleging that a defendant has wilfully refused to pay support. This interpretation of the statutory procedure serves to preserve the prosecutor's discretion regarding whether and how to prosecute criminal violations, and it serves to impress upon the complainant the seriousness of the proceedings. The record in this case clearly shows that the person entitled to receive the support did not file a verified complaint in the circuit court either prior to or in conjunction with the filing of the information by the prosecutor. The circuit court did not err in dismissing the information.

NO. 5-08-0209

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 07-CM-295 |
| | ) | |
| ROGER G. DETERMAN, | ) | Honorable |
| | ) | Kathleen P. Moran, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**:         October 21, 2009

**Justices**:     Honorable Thomas M. Welch, J.

             Honorable Richard P. Goldenhersh, J., and
             Concurs
             Honorable James K. Donovan, J.,
             Specially Concurring

**Attorneys**      Hon. Henry Bergmann, State's Attorney, Clinton County Courthouse, 850 Fairfax
**for**            Street, Carlyle, IL 62231; Patrick Delfino, Acting Director, Stephen E. Norris, Deputy
**Appellant**   Director, Rebecca E. McCormick, Staff Attorney, Office of the State's Attorneys
                 Appellate Prosecutor, 730 E. Illinois Hwy. 15, Suite 2, P.O. Box 2249, Mt. Vernon,
                 IL 62864

**Attorneys**      Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender,
**for**            Office of the State Appellate Defender, 117 N. Tenth Street, Suite 300, Mt. Vernon,
**Appellee**    IL 62864