# Illinois Official Reports

## Appellate Court

---

*People v. Debardelaben*, 2018 IL App (1st) 151741

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LENVERT DEBARDELABEN, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket Nos. 1-15-1741, 1-15-1743 cons. |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | April 18, 2018<br><br>May 10, 2018<br>May 16, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 10-CR-13998, 11-CR-02745; the Hon. Timothy J. Joyce, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and S. Amanda Ingram, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Veronica Calderon Malavia, and Annette Collins, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion. |
|---|---|
| | Presiding Justice Cobbs and Justice Howse concurred in the judgment and opinion. |

## OPINION

¶ 1        In this consolidated appeal, defendant Lenvert Debardelaben appeals from the natural life sentences he received in Cook County case numbers 10 CR 13998 and 11 CR 02745. On appeal, defendant contends that his natural life sentences must be vacated and the causes remanded for resentencing because he was not subject to sentencing under the Habitual Criminal Act (Act) (730 ILCS 5/5-4.5-95(a) (West 2010)). Specifically, defendant contends that his conviction for armed robbery in case number 86 CR 403 did not contain "the same elements as an offense now classified in Illinois as a Class X felony" and, consequently, cannot serve as one of the prior convictions which rendered him subject to be sentenced as a habitual criminal. Defendant reasons that armed robbery in 1986 did not contain the same elements as armed robbery in 2010 because the legislature created new offenses based upon the type of weapon, *i.e.*, a firearm or dangerous weapon other than a firearm, used during the commission of the offense. We affirm.

¶ 2        Following a bench trial in case number 11 CR 02745, defendant was found guilty of aggravated criminal sexual assault, aggravated kidnapping, and aggravated unlawful restraint. The State then filed a notice of intent to seek a sentence of natural life in prison under the Act based upon defendant's prior convictions for armed robbery in case number 86 CR 403 and murder in case number 93 CR 21771. Defendant was subsequently sentenced to life in prison for the aggravated criminal sexual assault conviction and to a consecutive life sentence for the aggravated kidnapping conviction. Defendant then filed a motion to reconsider sentence. The trial court entered and continued the motion.

¶ 3        A bench trial was then held in case number 10 CR 13998. Defendant was ultimately found guilty of armed robbery and attempted criminal sexual assault. The State then filed a notice of intent to seek a sentence of natural life in prison under the Act based upon defendant's prior convictions for armed robbery in case number 86 CR 403 and murder in case number 93 CR 21771.

¶ 4        At a subsequent court date, the trial court first heard argument on the pending motion to reconsider sentence in case number 11 CR 02745. The court denied the motion to reconsider sentence. The court then held the sentencing hearing for case number 10 CR 13998 and sentenced defendant to natural life in prison for the armed robbery conviction and to a consecutive 15-year sentence for the attempted criminal sexual assault. This sentence was to be served consecutive to the sentence imposed in case number 11 CR 02745. That same day, defendant filed a notice of appeal in each case.

¶ 5        Before this court, defendant challenges his sentences in case numbers 10 CR 13998 and 11 CR 02745, and we have consolidated his appeals for disposition. On appeal, defendant contends that his 1986 conviction for armed robbery cannot serve as one of the convictions rendering him subject to a life sentence pursuant to the Act because in 1986 the offense of armed robbery did not contain the same elements as the offense did in 2010.

¶ 6       Defendant acknowledges that he failed to raise this argument before the trial court. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) (a defendant forfeits a sentencing issue that he fails to raise in the trial court through both a contemporaneous objection and a written postsentencing motion). However, he contends that this court may still reach his contention on appeal. He first relies on the exception to forfeiture set out in *People v. Brown*, 229 Ill. 2d 374, 389-90 (2008), which held that in those cases where the State's evidence regarding a defendant's prior convictions "does not support the inference of eligibility because the evidence, on its face, demonstrates that [the] defendant's prior convictions do not meet all of the requirements" of the Act, a defendant is not prohibited from challenging his sentence on appeal. He next argues that this court may review his contention under the plain error doctrine. See *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005) (a court may consider an unpreserved error when (1) the evidence was so closely balanced that the error alone tipped the scales of justice against the defendant or (2) the error was so serious that it affected the fairness of the defendant's trial). Defendant finally contends that he was denied the effective assistance of counsel when counsel did not raise this argument before the trial court. We must first determine whether there was error, that is, whether defendant was properly subjected to sentencing under the Act.

¶ 7       Pursuant to the Act, a defendant is a habitual criminal, subject to a mandatory life sentence without parole, if he is convicted of three separate Class X offenses within 20 years, excluding time in custody. 730 ILCS 5/5-4.5-95(a) (West 2010); *People v. Fernandez*, 2014 IL App (1st) 120508, ¶ 47. This finding applies to a defendant "who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now *** classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping, or first degree murder, and who is thereafter convicted of a Class X felony, criminal sexual assault, or first degree murder, committed after the 2 prior convictions." 730 ILCS 5/5-4.5-95(a)(1) (West 2010). The provision does not apply unless certain requirements are met, including that the "third offense was committed within 20 years of the date that judgment was entered on the first conviction." 730 ILCS 5/5-4.5-95(a)(4)(B) (West 2010). A defendant who is determined to be a habitual criminal "shall be sentenced to a term of natural life imprisonment." 730 ILCS 5/5-4.5-95(a)(5) (West 2010).

¶ 8       Here, defendant contends that one of the offenses used to render him subject to sentencing under the Act did not have the "same elements as an offense now *** classified in Illinois as a Class X offense." See 730 ILCS 5/5-4.5-95(a)(1) (West 2010). He argues that in 1986 the offense of armed robbery did not have the same elements as the offense of armed robbery did in 2010. Specifically, he argues that the fact that the statute was changed to differentiate amongst the types of weapons used during the commission of the offense changed the elements of the offense of armed robbery and created new offenses.

¶ 9       Initially, we note that "courts have rejected a formalistic interpretation of the Act." *Fernandez*, 2014 IL App (1st) 120508, ¶ 17. There is no requirement that a predicate offense have precisely the same elements as an offense classified as a Class X offense in Illinois; rather, the predicate offense must be "equivalent" to a Class X felony in Illinois. *Id.* ¶¶ 17-19; see also 81st Ill. Gen. Assem., Senate Proceedings, June 27, 1980, at 27 (statements of Senator Sangmeister) (stating during the discussion regarding amending the Act to include offenses from other jurisdictions that those offenses would qualify provided "their elements *** were *** the same or close to the elements contained in the Illinois [s]tatutes").

¶ 10    Moreover, in the case at bar, defendant has not persuaded us that armed robbery in 1986 contained different elements than the offense did in 2010. The version of section 18-2(a) of the Criminal Code of 1961 (Code) in effect in 1986 stated that a person commits armed robbery when he commits a robbery "while he *** carries on or about his *** person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2.

¶ 11    Effective January 1, 2000, which was before the offenses at issue in these cases, the armed robbery statute was amended (1) to create separate subsections for armed robbery "with a dangerous weapon other than a firearm" and armed robbery "with a firearm" and (2) to add a 15-year sentencing enhancement for being "armed with a firearm." Pub. Act 91-404, § 5 (eff. Jan. 1, 2000) (amending 720 ILCS 5/18-2). The version of section 18-2(a) of the Code in effect in 2010 states that a person commits armed robbery when he or she commits robbery and

> "(1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
>
> (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or
>
> (3) he or she, during the commission of the offense, personally discharges a firearm; or
>
> (4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person." 720 ILCS 5/18-2(a) (West 2010).

¶ 12    The first element of armed robbery in both the 1986 and 2010 versions is that a person must commit robbery. Although the 2010 version of the statute differentiates between the types of weapons used, we reject defendant's argument that the classification of armed robberies as those committed with a firearm and those committed with a dangerous weapon other than a firearm added an element to the offense. Rather, armed robbery has always contained the elements of robbery and the use of a dangerous weapon during the commission of the offense, be it a firearm or something else. See *People v. Burke*, 362 Ill. App. 3d 99, 104 (2005) ("Armed robbery had the same elements in 1978 and 1980 as it did in 2001."). Put another way, the changes to the statute did not create new elements of the offense of armed robbery; rather, they described different ways that a person could commit the offense of armed robbery. See *People v. Washington*, 2012 IL 107993 ¶ 6 (the amended version of, *inter alia*, the armed robbery statute created types of armed robbery "based on whether the offenses were committed with a dangerous weapon 'other than a firearm' or committed with a 'firearm' ").

¶ 13    We are unpersuaded by defendant's argument that the changes to the statute changed the nature of the offense of armed robbery or served to change the offense of "armed robbery into multiple offenses" with different elements. The elements of armed robbery remain the same; that is, one commits a robbery with either a firearm or a dangerous weapon other than a firearm. We question defendant's conclusion that the fact that a defendant is now charged with a type of armed robbery based upon the nature of the object used in the commission of the offense means that the State must now "prove" that the object is not a firearm. Rather, the State must prove that the object is a firearm or a dangerous weapon that is not a firearm; *i.e.*, the State must still establish that the object at issue qualifies as a dangerous weapon other than a firearm or a firearm, just as it did in 1986 when it had to prove that the object used was a dangerous weapon. See Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2 (a person commits armed robbery

- 4 -

when he commits robbery when he carries on or about his person, or is otherwise armed with a dangerous weapon).

¶ 14 Accordingly, while the 1986 and 2010 versions of the armed robbery statutes are not verbatim copies of one another, nevertheless they are "equivalent" in content, with the "same elements" for purposes of the Act. See 730 ILCS 5/5-4.5-95(a) (West 2010); *Fernandez*, 2014 IL App (1st) 120508, ¶ 19. Therefore, defendant's 1986 armed robbery conviction may serve as one of the prior convictions rendering him subject to sentencing under the Act. See *Burke*, 362 Ill. App. 3d at 104 ("Armed robbery had the same elements in 1978 and 1980 as it did in 2001.").

¶ 15 As there was no error, we must honor defendant's procedural default, and his contention on appeal must fail. See *Hillier*, 237 Ill. 2d at 544 (a defendant forfeits a sentencing issue that he fails to raise in the trial court through both a contemporaneous objection and a written postsentencing motion). Moreover, defendant's argument that he was denied the effective assistance of counsel must also fail because, as discussed above, the complained-of conviction was properly used as a predicate offense rendering defendant subject to sentencing under the Act. See *People v. Patterson*, 217 Ill. 2d 407, 438 (2005) (counsel cannot be deemed ineffective based upon the failure to file a futile motion).

¶ 16 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17 Affirmed.