NOTICE

Decision filed 02/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240055-U

NO. 5-24-0055

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 20-CF-397 |
| | ) | |
| GERALD McPHERSON, | ) | Honorable |
| | ) | Thomas J. Tedeschi, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Judgment revoking defendant's probation and resentencing him to six years' imprisonment is affirmed where we lack jurisdiction to review the circuit court's failure to conduct a *Krankel* hearing in connection with the underlying guilty plea and defendant cannot establish prejudice from an incorrect statutory citation in the petition to revoke.

¶ 2    Defendant, Gerald McPherson, admitted violating probation. After the circuit court resentenced him to six years' imprisonment, defendant filed a notice of appeal.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion for leave to withdraw as counsel on appeal and a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion. This court has provided him with an opportunity to respond and he has filed a response.

1

However, after considering the record on appeal, OSAD's motion and supporting memorandum, and defendant's response, we agree that there is no issue that could support an appeal. Accordingly, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 4                                      BACKGROUND

¶ 5        On February 25, 2021, defendant pleaded guilty to aggravated criminal sexual abuse. On April 8, 2021, he filed a *pro se* motion to withdraw the plea. He stated, "I was not getting the help needed by Mr. Popit, my pd."[1] Defendant asserted that he had cancer and a serious eye injury, was not guilty, and, apparently, that he had been forced into pleading guilty. Defense counsel noted that the motion was premature as defendant had not yet been sentenced.

¶ 6        Following a hearing, the court sentenced defendant to four years' probation. Defendant did not renew his motion to withdraw the plea, nor did he pursue a direct appeal.

¶ 7        In 2022, the State moved to revoke defendant's probation. Count I alleged that defendant failed to register a Facebook account. Count II alleged that he failed to register a telephone number. Both counts alleged that defendant's acts violated "Chapter 730 Illinois Compiled Statutes Act 154, Section 10(a)." The body of each count referred to the Sex Offender Registration Act.

¶ 8        At a hearing, the court reviewed the charges and possible penalties and gave the other admonitions and made the other inquiries required by Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003). Defendant admitted the petition's allegations.

¶ 9        The court reviewed the new charges and again reviewed the possible penalties for the underlying offense. It explained that a petition to revoke would be decided by a bench trial and that a preponderance of the evidence was the burden of proof. Defendant said that he understood. Defendant told the court that his admission was voluntary. The court thus accepted the admission.

---

[1]Kevin Popit was defendant's public defender.

The State provided a factual basis for the new charges, which entailed defendant going to the library to use the internet and using a phone to upload nude photos of himself to a new Facebook account. At the same hearing, defendant entered an open plea to a new charge of failing to register.

¶ 10    Following a hearing, the court sentenced defendant to six years' imprisonment for the underlying offense. This court granted defendant leave to file a late notice of appeal.

¶ 11                                ANALYSIS

¶ 12    OSAD concludes that there is no issue that could support an appeal. It suggests two possible issues: (1) whether the court erred in failing to conduct a *Krankel* hearing[2] when defendant complained about his public defender in connection with the underlying plea and (2) whether defendant could successfully challenge the probation revocation where it was based on a statute that was clearly inapplicable. Counsel concludes, however, that neither issue is viable, and we agree.

¶ 13    The first issue fails because when probation is revoked following a guilty plea, the defendant cannot challenge the underlying plea proceedings. "An appeal from a sentence entered upon revocation of probation does not revive voidable errors in the guilty plea proceeding." *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001). The possible ineffective assistance of defendant's plea counsel did not render the judgment void. Thus, because defendant did not appeal the underlying judgment, he cannot challenge it now.

¶ 14    The second potential issue also fails. In the revocation petition, the State alleged that defendant violated "Chapter 730 Illinois Compiled Statutes Act 154, Section 10(a)." That provision is found in the Murderer and Violent Offender Against Youth Registration Act (730

---

[2]*People v. Krankel*, 102 Ill. 2d 181 (1984), requires a court to conduct a preliminary inquiry when a defendant makes a *pro se* allegation that counsel was ineffective.

ILCS 154/1 *et seq.* (West 2022)). Counsel notes that nothing in defendant's criminal background would require him to register under that statute.

¶ 15    Counsel also notes, however, that the same failures to register a social media account and a telephone number, as charged in the petition, would violate section 3(a) of the Sex Offender Registration Act (730 ILCS 150/3(a) (West 2022)), which the petition also cites, and that defendant plainly qualifies as a "sex offender" required to register under that Act. Defendant admitted committing the acts in question and failing to register that information.

¶ 16    Defendant thus cannot challenge the court's order revoking his probation solely because the State cited the wrong statute. " 'Where the language of the indictment sufficiently informs a defendant of the charges against him, and defendant cannot demonstrate any prejudice from an incorrect statutory citation, the defect is formal and does not warrant reversal.' " *People v. Burke*, 362 Ill. App. 3d 99, 103 (2005) (quoting *People v. Witt*, 227 Ill. App. 3d 936, 944 (1992)). "Only where the defendant demonstrates prejudice will the mere fact that a criminal complaint contains an incorrect citation to the criminal statute be grounds for dismissal of the conviction." *People v. Melton*, 282 Ill. App. 3d 408, 415 (1996). As defendant admitted committing the underlying acts, never indicated that he was confused by the statutory citation, and the petition actually refers to the correct statute, he cannot establish prejudice.

¶ 17    Defendant filed a response to the *Anders* motion. Unfortunately, the handwritten document is virtually indecipherable. He appears to state at one point that he no longer wishes to pursue the appeal. In the absence of a clearer indication of an intent to abandon the appeal, we will not dismiss it. On the other hand, defendant makes no cogent argument for denying the *Anders* motion, which we have already found is well-taken.

¶ 18                                    CONCLUSION

¶ 19    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and

affirm the circuit court's judgment.


¶ 20    Motion granted; judgment affirmed.